O’BRIEN, J.
—This is a proceeding for the voluntary dissolution of a corporation under sections 2419-2431 of the Code of Civil Procedure. On the 2d of November, 1895, the court appointed a temporary "receiver for the corporation and enjoined all creditors from commencing or continuing actions against the company. Prior to the commencement of this proceeding the corporation mortgaged all its property to the Union Trust Company, as trustee, to secure an issue of sixty-five bonds of $1,000 each, The company defaulted in the payment of principal and more than a year after such default, in July, 1895, the trust company commenced suit in the supreme court to foreclose the mortgage. The company answered, and the case was placed upon the calendar for trial, and, when reached, an order of reference was taken by default. Thereafter the trust company received an order, entered in this proceeding, restraining it from proceeding with the foreclosure suit. The trust company moved to modify the injunction, which motion was denied, and from that order the trust company appeals.
It is insisted that the court had no power to restrain the foreclosure, and if this insistence is sustained a reversal must result. This proceeding is a purely statutory one, and the court’s power and authority to act must be conferred by statute. It is conceded that the only statutory authority is embodied in section 2423 of the Code of Civil Procedure, which provides:
“If such receiver (referring to a temporary receiver) be appointed, the court, may, in its discretion, on like motion and notice, with or without security, at any stage of the proceeding before the final order, grant an injunction restraining the creditors of the corporation from beginning any action against the said corporation for the recovery of a sum of money, or from taking any further proceeding in such an action theretofore commenced.”
The question is thus narrowed down to the one as to whether a suit to foreclose a mortgage, wherein a deficiency judgment is asked, is an action for the recovery of a sum of money, within the meaning of the statute. This, we think, must be answered in the negative. The words used in this section of the Code, just as similar language used in other sections (for instance, section 968, *582 providing for issues to be tried by a jury), refer, as the language imports, to the ordinary, common-law action brought for the recovery of a sum of money. The foreclosure of a mortgage has always been held to be a suit in equity; and the fact that, as an incident thereto, the court has jurisdiction, where such relief is asked, to award a judgment for deficiency, does not alter the character of the action. We have been referred to some authorities wherein expressions in the opinions might be regarded as intending to convey the idea that the courts of general jurisdiction such as the supreme court or the court of common pleas; could, in a proceeding of this kind, restrain any action; but here, , as in all other cases, the opinions are to be read in the light of .the questions involved, and the facts of the particular case, and then any doubt that might otherwise exist as to the limitations upon the power and authority of the court is removed. The cases of Walling v. Miller, 108 N. Y. 173 ; 13 St. Rep. 93 ; Woerishoffer v. Construction Co., 99 N. Y. 398 ; and In re Schuyler’s Steam Tow Boat Co., 136 N. Y. 169; 48 St. Rep. 830,—relied upon to support the order here made, are authorities for the proposition that a court having power,to appoint, and which appoints, a receiver of the assets of an insolvent corporation may, in aid of that appointment, forbid any after-interference by way of levy and seizure, by attachment or execution, with the property in his possession. In the Walling Case, where a creditor obtained a lien by execution, the judge writing the opinion, in sustaining the power of the court to enjoin proceedings upon the execution, among other things, said:
“But persons having liens upon the property had no right to interfere with its possession by the receiver, and, without any application or adjudication of the court, sell and dispose of it, and thus dissipate it, and deprive the court of jurisdiction to administer it.”
And in the Woerishoffer Case the court said of a restraining order.
“Its sole effect, as against the appellant, is to prevent a seizure, under process issued in its action, of assets already seized by the court and held as well for appellant’s benefit as for that of other creditors.”
And In re Schuyler’s Steam Tow Boat Co., the court, in confirming an order obtained by a receiver restraining a creditor from enforcing a libel, 'filed against certain vessels in the int.ermin between the appointment of a receiver and the filing of his bond, said:
“Our decision here does not effect the legal rights of the libel-. Iants. * * * The receiver will be obliged, in this proceeding to distribute the proceeds arising from the sale of the property among the creditors of the corporation as ther priority of rights may appear and be held valid.” ■■
It will be noticed that, in all these cases the purpose sought was to recover a sum of money out of the assets of the corporation, which, by the order appointing the receiver, had passed into the latter’s hands; and it was to prevent the taking of any such *583 assets from him, and to prevent creditors, by running up bills of costs, and by multiplying actions from interfering with the receiver or harrassing him in the discharge of his duties, that in such actions the courts interfered. We venture to assert, however, that no authority can be found favoring the view that where, under a contract made with a corporation prior to the appointment of a receiver, a mortgage is given to a trustee to secure bondholders, or collateral security is given for a debt, the action of the trustee to foreclose the" mortgage, or of • the creditor to resort to the collateral or sell the same, has been enjoined.
As to the right of- the trust company here to foreclose, or as to the propriety of the exercise of such right, there can be no question. By the terms of the mortgage, upon the happening of the contingency provided for therein,—namely, the default,—the trustee had the absolute right to foreclose the mortgage, either with or without taking possessionand utdess the statute expressly conferred upon the court authority to interfere with the exercise -of -such right, it could not do so. As we have seen, its power is restricted to actions brought for the recovery of a sum of money, and as already said, we do not think a foreclosure suit falls within that category. In the latter suit the prayer is, not simply for a personal judgment for a sum of money, but for a sale of the property. It is attempting by legal process to do what the trustee has the right to do by taking possession and selling the property without the interposition of a court of equity.
Without, however, further discussing the question, we think there is one case which, in principle, is controlling,— that of In re Binghamton General Electric Co., 143 N. Y. 261 ; 62 St. Rep. 154, wherein the court construed this statute under consideration. There a trust company loaned money to the electric company, and as collateral security the electric company pledged certain bonds, obligations of that company. The latter instituted proceedings for its dissolution, and restrained the trust company from disposing of the bonds pledged as collateral to the loan. The special term modified the injunction, which the general term reversed. The court of appeals said:
‘"We are of opinion .that the order of the general term should be reversed.. This proceeding'is purely statutory, and the terms of the order appointing the temporary receiver, and the scope of its injunction clause, are defined by section 2423 of the Code of Civil Procedure. The court is empowered to restrain the creditors of the corporation from bringing any action against it for the recovery of a sum of money, or from taking any further proceedings in an action theretofore commenced. There is nothing in the statute under which this proceeding was instituted authorizing the court to restrain the creditors of the corporation from disposing of its bonds, held as collateral to loans under lawful contracts empowering them to sell. It has long been the settled law of this state that the jurisdiction of chancery does not extend to the sequestration of the property of a corporation by means of a receiver. It follows that the authority of the court in this proceeding must be found in the statute, and not in its general equitable powers. *584 lt is obvious that every loan upon the property of a corporation resting upon valid agreement or. process before the appointed of a. receiver, the lienor being lawfully in possession, must be preserved, with the right of enforcement, unless the courts and legislature áre to override the vested rights of the creditors. This general principle has been repeatedly recognized and approved by this court. In an early case in this state, Chief Justice Spencer, in discussing the rights of a secured creditor as bearing upon those-of junior or unsecured creditors, said: ‘I know of-no principle of equity which can take from him any part of his security until he is completely satisfied.’ Evertson v. Booth, 19 Johns. 485.”
We agree with the appellant that, in principle, this case is not. to be distinguished from the case at bar, and therefore is controlling.
The order shall, therefore, be reversed, with $10 costs and disbursements, and the motion to vacate the injunction granted, with $10 costs.
All concur.