(7 App. Div. 550)

## In re GIES LITHOGRAPHIC CO.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

EXECUTION—PRIORITY—TITLE OF RECEIVER.

    An execution against a corporation, issued on the same day, but before, a receiver was appointed, is prior to the title of the receiver.

Appeal from superior court, Buffalo county.

Proceeding for the voluntary dissolution of the Gies Lithographic Company. From an order adjudging that an execution issued out of the county court in favor of George Bleistein in an action by him, as president of the Courier Company, against the Gies Lithographic Company, is a lien on the real and personal property of the Gies Lithographic Company, judgment debtor, superior to the right, title, and possession of the receiver herein, and ordering the receiver to pay the said George Bleistein out of the first money in his hands, as such receiver, and prior to all other claims, the receiver appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Norris Morey, for appellant.

W. C. Miner, for respondent.

PER CURIAM. The Gies Lithographic Company was incorporated pursuant to the business corporations law of this state, and had its principal business office at Buffalo, N. Y. November 22, 1895, George Bleistein, as president of the Courier Company, began an action in the municipal court of Buffalo against said corporation by the personal service of a summons to recover a sum due for goods sold by the plaintiff to the defendant. November 22, 1895, judgment was recovered in the action for $351.88 damages and costs, which was entered and docketed in the office of the clerk of the county of Erie before 10 minutes past 10 o'clock in the forenoon of that day, at which time an execution on the judgment was issued and delivered to the sheriff of that county. November 22, 1895, the directors of the corporation filed a petition praying for its voluntary dissolution on the ground of its insolvency, and for the appointment of a receiver thereof. At 15 minutes past 12 o'clock in the afternoon of that day an order was filed with the clerk of said county appointing Homer E. Dudley temporary receiver of the corporation, and restraining its creditors from bringing actions against it, and also from taking further proceedings in actions theretofore brought. The fourth subdivision of the order provided:

"(4) That before entering upon the duties of his trust said receiver execute and file with the clerk of this court a bond with sufficient surety to the people of the state of New York in the sum of twenty thousand ($20,000) dollars, conditioned for the faithful discharge by said receiver of the duties of his trust, such bond to be approved as to its sufficiency, form, and manner of its execution by a judge of this court; and upon the filing of such bond so approved the said receiver is authorized to take possession and sequester the property of the said corporation, the Gies Lithographing Company, and

to take and hold all property held by and in the possession of said corporation; all funds of the said corporation not needed for immediate disbursements to be deposited in the Marine Bank of Buffalo, N. Y."

At about 30 minutes past 2 o'clock in the afternoon of that day the receiver filed his bond with the clerk of said county, and immediately thereafter entered upon the discharge of his duties.     At 45 minutes past 4 o'clock in the afternoon of that day a copy of the order appointing a receiver was served on the attorneys who had appeared in the action and recovered the judgment in favor of George Bleistein as president.     It is not disputed that the judgment debtor had sufficient chattels in Erie county, subject to levy and sale upon an execution, out of which the judgment could have been satisfied.     The only question involved in this appeal is, which acquired the first lien on the chattels, the judgment creditor under his execution, or the receiver under his order?     It is suggested that this judgment is void under section 48 of the stock corporation law (Laws 1892, c. 688), which provides:

"No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation shall be valid."

There is no evidence that the corporation or any of its officers suffered this judgment to be recovered with intent to give a preference to this judgment creditor.     It is not asserted that the debt for which the judgment was recovered was not justly due and owing by the corporation to the judgment creditor, and the inference from the facts stated in the record is that the corporation not only did not intend to give this creditor a preference, but intended to defeat the attempt to collect this debt by means of a judgment.     The judgment was not recovered in violation of the statutory provision quoted.     When the execution was delivered to the sheriff of the county of Erie it became a lien on all of the judgment debtor's goods and chattels within that county (Code Civ. Proc. § 1405), which was not divested by the order appointing a receiver subsequently granted and entered.     Walling v. Miller, 108 N. Y. 173, 15 N. E. 65; In re Lewis & Fowler Manuf'g Co., 89 Hun, 208, 34 N. Y. Supp. 983.     In Re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665, the receiver was appointed two days before the writs of replevin and attachment were issued, and he filed his bond and qualified the day before they were issued, and he took possession of the property the day the writs were issued, and that case does not sustain the appellant's position.     We have before us two processes of this court, both of which became liens on the goods and chattels of the judgment debtor, and one is as much entitled to the protection and favor of the court as the other.     The equities of the parties are equal, and the lien which is prior in time must prevail.

The order is affirmed, with costs and printing disbursements against the receiver, payable out of the estate in his hands.