(26 Misc. Rep. 324.)

### In re NEW PALTZ & W. V. R. CO.

(Supreme Court, Special Term, New York County. February, 1899.)

RAILROADS—TRUSTEE FOR BONDHOLDERS—RECEIVER.
    Where a mortgage of a railroad provides that, on default in payment of interest, the trustee may take possession and operate the road, and, if a majority of the bondholders so elect, the principal shall become due, and the trustee have the right to sell the property, when such conditions exist the trustee may take possession and operate the road, as against a permanent receiver appointed in proceedings to dissolve the company.

In the matter of the insolvency of the New Paltz & Wallkill Valley Railroad Company a motion was made by the Franklin Trust Company, trustee for bondholders, for an order directing the receiver of the railroad company to turn over the property to the trustee. Granted.

Charles Strauss, for receiver.
James McKeen, for Franklin Trust Co.
Hyde & Leonard, for first mortgage bondholders.

SCOTT, J.  The New Paltz & Wallkill Valley Railroad, for the purpose of securing an issue of bonds to the amount of $150,000, executed a trust mortgage, in the usual form of railroad mortgages, to the Franklin Trust Company, as trustee for the bondholders.   Interest was duly paid on the bonds until November 1, 1898, when the company defaulted in the payment of the interest falling due on that date, and has since remained in default.   The mortgage provides in its sixth clause that, if the company shall make default in the payment of any installment of interest, and shall remain in default for 60 days after the same shall become due and be demanded, the trustee, personally or by attorneys and agents, may at once take possession of the mortgaged property, and the records, books, papers, and accounts of the company, and exercise the franchise and conduct the business and operation of the road, receiving the income and applying it to the payment of the interest remaining in default, and, if the principal shall become due, also applying such income to the payment of the principal.  The condition of affairs contemplated by this clause of the mortgage is shown to exist.   The seventh clause of the mortgage provides that, in case of continued default in the payment of interest, if the holders of a majority in value of the stock shall elect, and shall notify the trustee in writing of such election, the whole principal of all the bonds then outstanding shall immediately become due and payable, although the period limited on such bonds for the payment thereof may not have expired, in which case it shall be lawful for the trustee after entry, as provided in the sixth section, or without entry, to sell the mortgaged property.   The ninth clause gives the trustee general power to take such steps and institute such actions as may be necessary to protect the interest of the bondholders.   A majority in value of bondholders have made and served upon the trustee a notice of their election that the whole principal sum shall be deemed to be due by reason of the default in the payment of the interest.   It will thus be seen that the mortgage provides that, in a certain event, which has now occurred, the trustee may take possession of and operate the road for the benefit of the bondholders, and that in a certain other event, which has also occurred, the trustee may sell the mortgaged property either by a strict foreclosure or by a suit in equity.   On August 19, 1898, proceedings were commenced for the voluntary dissolution of the corporation, and a temporary receiver was appointed, with power to maintain and operate the road during the pendency of such proceedings.   On January 9, 1899, a final order was made in such proceeding dissolving the corporation and appointing a permanent receiver.   The trustee under the trust mortgage was not made a party to the dissolution proceedings, nor served with any notice of the pendency thereof, although the individuals holding a majority of the bonds were notified of the pendency of the proceedings and formally appeared therein.   The trustee for the bondholders now de-

sires to exercise the right conferred upon it by the sixth clause of the mortgage and to take possession of and operate the road, and asks that the permanent receiver be directed to turn over to it all the property covered by, and provided for in, the mortgage. The receiver resists this motion, and asks that he be permitted to continue the operation of the road. On the argument, it being conceded that it was to the interest of all parties that the road should continue to be operated, an order was made permitting the receiver so to operate it until the further order of the court, without prejudice to the application of the trustee. Although the corporation has been dissolved and has ceased to exist, the security of the bond-holders can in no wise be impaired thereby, and the franchises of the corporation still continue subject to the provision of the mortgage which expressly covers them. If the proceedings for a dissolution had never been instituted, and no receiver had been appointed, the trustee would have had the undoubted right to take possession of the road under the sixth clause of the mortgage, and the only question is whether the appointment of the receiver has destroyed or affected that right. As will have been seen, the trustee, under the terms of the mortgage, has a choice of remedies, which are declared to be cumulative. He may take possession of the road, and he may sell it either by what is known as strict foreclosure or through the method of a suit in equity. His right to adopt one course is just as clear as is his right to adopt the other. In Re Hamilton Park Co., 1 App. Div. 375, 37 N. Y. Supp. 310, a somewhat similar question arose as to the rights of a mortgage creditor as against a receiver in insolvent proceedings. In that case the trustee for the bond-holders had elected to foreclose the mortgage by action, and the temporary receiver appointed in proceedings for a voluntary dissolution of the corporation had sought to enjoin the prosecution of the foreclosure suit. The appellate division held that the court had no power so to enjoin a mortgage creditor, saying, in the course of its opinion:

"We venture to assert, however, that no authority can be found favoring the view that where, under a contract made with a corporation prior to the appointment of a receiver, a mortgage is given to a trustee to secure bond-holders, or collateral security is given for a debt, the exercise of the right of the trustee to foreclose the mortgage, or of the creditor to resort to the collateral or sell the same, has been enjoined. * * * By the terms of the mortgage, upon the happening of the contingency provided for therein, namely, the default, the trustee had the absolute right to foreclose the mortgage, either with or without taking possession, and, unless the statute expressly conferred upon the court authority to interfere with the exercise of such right, it could not do so."

This case seems to be complete authority for the application now made by the trustee. It is seeking, as it is its duty to do, to pursue one of the remedies given by the mortgage for the protection of the bondholders. The receiver could take nothing more than belonged to the company. He stands in its shoes. He holds the property subject to the lawful liens and contracts imposed upon it by the company before he was appointed. In other words, he holds it subject to the right of the trustee to take possession in case of such a default

as has occurred. That the receiver, in the case just cited, was a temporary receiver, and the receiver here is a permanent one, does not affect the principle applicable to the motion. I cannot accede to the suggestion of the attorney general, that the public interests require that the receiver be left in possession. All that the public is interested in is that the franchise should be exercised and the operation of the road continued. From the standpoint of the public, it makes no difference whether the road be so operated by the trustee or by the receiver. The bondholders, through the trustee, have the right to determine how and when the property shall be sold. To leave that power to the receiver is to deprive them of a portion of the security for which they contracted. The motion to direct the receiver to turn over the mortgaged property to the trustee must be granted, and the order pemitting the receiver to continue the operation of the road must be vacated.

Motion directing receiver to turn over the mortgaged property granted, and order permitting receiver to continue operation of road vacated.