There was no implied covenant of warranty, and in case of a failure of title the grantee was without any remedy against the grantor. 2 Rev. St. (9th Ed.) p. 1812, § 140; Murray v. Ballou, 1 Johns. Ch. 577; Burwell v. Jackson, 9 N. Y. 541; Mayor, etc., v. Mabie, 13 N. Y. 158. It was, as we have seen, the duty of the commissioners, under the statute, to decide whether a "legal claim" for compensation was preferred by the relator. There is no statute, other than this, providing for the refunding of the purchase money to a purchaser of unappropriated lands. The mere fact of a purchase of lands to which the state has no title does not entitle the purchaser to compensation. His remedy, if any, is under his deed. The "legal claim" mentioned in the statute is clearly a claim which is good or valid in law,—such a claim as would afford a remedy to a grantee in a deed from a private person. It is clear that, if the relator held a deed of lands in this form from a private person, he would be without a remedy for the purchase money in case of failure of title; and I think, within the meaning of the statute, he had no such legal claim against the state as would authorize the commissioners to direct the refunding to him of the purchase money.

The determination of the commissioners should be confirmed. All concur; SMITH, J., in result.

Determination of the commissioners of the land office confirmed, with $50 costs.

---

(57 App. Div. 515.)

## In re LENOX CORP.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

1. CORPORATIONS—VOLUNTARY DISSOLUTION—INSOLVENCY—EVIDENCE.

　　On an application for the voluntary dissolution of a corporation, it appeared that there were overdue undisputed claims against it exceeding $30,000, on which actions were pending; that other creditors were threatening to sue; and that its assets amounted to only a few thousand dollars, exclusive of an apartment house, which was heavily mortgaged. *Held* to show its insolvency, or that its property would not afford a reasonable security for those who might deal with it, within Code Civ. Proc. § 2419, authorizing a petition for voluntary dissolution on account of inability to pay just demands or to afford such reasonable security.

2. SAME—ORDER—CORRECTION NUNC PRO TUNC.

　　In a proceeding for the voluntary dissolution of a corporation, under Code Civ. Proc. § 2419, the court, having acquired jurisdiction, may make a nunc pro tunc order correcting formal defects in its order reciting that insolvency had been shown satisfactorily.

3. SAME—JUDGMENT CREDITOR—RIGHT TO PRIORITY.

　　On the filing of a receiver's bond in a proceeding for the voluntary dissolution of a corporation, under Code Civ. Proc. § 2419, his right relates back to the time the order for dissolution and for his appointment was granted and entered, from which time the property is deemed in custodia legis, and a judgment creditor acquires no lien thereon by an execution delivered after the sheriff was enjoined from enforcing claims.

4. SAME.

　　A judgment creditor is not entitled to a priority over the receiver of an insolvent corporation appointed in proceedings for its voluntary dissolution, under Code Civ. Proc. § 2419, merely because it was misled by the corporate officers, and delayed entering judgment in time to assert

a priority, where it did not move within the life of an execution issued on its judgment, and other creditors whose claims exceeded the value of the corporation's personalty were induced, on the understanding that they would not lose priority, to refrain from entering judgment before the creditor seeking priority was entitled to.

Appeal from special term, Erie county.

Voluntary dissolution of the Lenox Corporation. From an order denying a motion by the People's National Bank of Waynesboro, Pa., to vacate an order appointing a temporary receiver, and enjoining creditors from prosecuting claims, as well as an order amending the latter nunc pro tunc, and to have an execution in its behalf declared a first lien on the personalty of the corporation, the bank appeals. Affirmed.

On the 13th day of March, 1899, the appellant recovered a judgment in the supreme court of Erie county against the Lenox Corporation for $3,420.27 on two promissory notes given for material used in the construction of an apartment house by the latter company. The judgment roll was filed, and the judgment docketed at 11:17 a. m. on that day. That morning, on a petition of a majority of the directors of the Lenox Corporation for a voluntary dissolution thereof, under title 11 of chapter 17 of the Code of Civil Procedure, the Erie special term granted an order to show cause why said corporation should not be dissolved, returnable June 16, 1899, before a referee therein named, and the order also appointed a temporary receiver, and authorized him to conduct the apartment house for the benefit of the creditors, that having been the business theretofore carried on by this company, and enjoined all creditors from bringing action against the corporation for the recovery of money, "or from taking any further proceedings in any action which such creditor or creditors may have heretofore commenced and which is now pending." This order was entered in the clerk's office of Erie county at 10:47 a. m., just half an hour before the docketing of appellant's judgment. An execution on appellant's judgment was delivered to the sheriff at 11:30 a. m., but the order had previously been served on the sheriff, who informed the appellant's attorney thereof. At 11:32 a. m. the temporary receiver qualified by filing his bond. All of the real property of the corporation was sold on foreclosure on June 12, 1899. The receiver now has in his possession assets of the corporation aggregating $3,345.31. When appellant's execution was delivered to the sheriff, the judgment debtor had personal property, consisting of $1,968.07 cash, partly in bank and partly in office cash drawer of apartment house, café furnishings, and supplies in said house appraised at $1,200, and open accounts of the face value of $3,764.22, from which the sum of $1,809.81 had been realized. On the return of the order to show cause, counsel for appellant appeared specially before the referee, and objected to further proceedings, on the grounds (1) that the order appointing the referee was null and void, and (2) that the bankruptcy court had taken cognizance of the affairs of this corporation. The objections being overruled, counsel for appellant appeared generally. The referee found and reported that the company was insolvent at the time the proceeding was instituted. The petition for dissolution showed that the company was unable to meet its current obligations for interest, accounts, and notes accruing; that some of its notes had gone to protest, and that seven actions or suits had been commenced by creditors to collect and enforce payment of the debts and obligations of the company, aggregating over $30,000, past due and owing, and to which it had no defense upon the merits, although in some instances an answer had been interposed to gain time, in the expectation that the company would be able to float a further loan, which, however, it was unable to do; that other similar suits were threatened; that the principal asset of the corporation was the apartment house, which was covered by a first mortgage of $250,000, and a second mortgage of $100,000, upon which interest would soon fall due, and must be paid, if at all, from the receipts of the building, which would be greatly impaired and depreciated by the recovery of judgments against

the corporation or the interruption of its business thereby. The schedules annexed to the petition showed the estimated value of the assets $480,732.29, and the liabilities, exclusive of capital stock, $455,178. The outstanding capital stock was $130,000.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

J. McC. Mitchell, for appellant.
William L. Marcy, for respondent.

LAUGHLIN, J. The first point urged by appellant is that the order appointing the temporary receiver, and enjoining creditors from prosecuting claims, is absolutely void. If so, doubtless it must be vacated, notwithstanding petitioner's laches in making the motion is so great, under the circumstances, as to warrant, if not require, the denial of the motion, if addressed to the discretion of the court. The grounds upon which it is claimed that the order is void are (1) that neither the petition nor affidavits contain an allegation of insolvency; (2) that the schedules show solvency; and (3) that the order fails to recite that insolvency has been shown to the satisfaction of the court. There seems to be no authority for appointing a temporary receiver, and granting such an injunction at the commencement of a proceeding for the voluntary dissolution of a corporation, excepting that conferred by section 2423 of the Code of Civil Procedure, and if, therefore, the statutory authority be not followed strictly, the order will be void. In re Dolgeville Electric Light & Power Co., 160 N. Y. 500, 55 N. E. 287; In re Hamilton Park Co., 1 App. Div. 375–379, 37 N. Y. Supp. 310; Chamberlain v. Vessel Co., 7 Hun, 557. Although the order may have been improvidently granted, and might be set aside on motion timely made for that purpose, yet, if there be any evidence tending to show the requisite facts, that gave the court jurisdiction to act, and its order was not a nullity. Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; People v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446; Fischer v. Blank, 81 Hun, 579, 31 N. Y. Supp. 10, affirmed in 144 N. Y. 700, 39 N. E. 857.

We agree with the contention of the learned counsel for appellant that the insolvency specified in sections 2423 and 2429 of the Code of Civil Procedure is limited and defined by section 2419. For the purpose of a proceeding of this character, therefore, a corporation is insolvent when the "stock, effects, and other property thereof are not sufficient to pay all just demands for which it is liable, or to afford a reasonable security to those who may deal with it." Section 2419, Code Civ. Proc. With overdue claims against the corporation exceeding in the aggregate $30,000, arising on its express contract obligations, and upon which actions or suits to which it had no defense had been brought and were pending, and other creditors having matured and maturing obligations upon which they were threatening litigation, and the company's assets amounting to only a few thousand dollars exclusive of its apartment house, which was so heavily mortgaged, insolvency, even in the broadest sense, if not upon this corporation, was imminent. We do not think it can be successfully maintained that the court had before it no evidence that the property of

the Lenox Corporation would not afford reasonable security to those who might deal with it or of its "insolvency," within the intent and meaning of that word as used in the title of the Code of Civil Procedure relating to this subject. Sterrett v. Bank, 46 Hun, 22; Brouwer v. Harbeck, 9 N. Y. 589; Baker v. Emerson, 4 App. Div. 348, 38 N. Y. Supp. 576; French v. Andrews, 81 Hun, 272, 30 N. Y. Supp. 796; Denike v. Cement Co., 80 N. Y. 599; National Broadway Bank v. Wessell Metal Co., 59 Hun, 470, 13 N. Y. Supp. 744. The court, having acquired jurisdiction, could make the order nunc pro tunc, correcting the formal defects in its order reciting that insolvency had been satisfactorily shown. In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665.

Upon the filing of the receiver's bond, his right related back to the time the order was granted and entered, from which time the property is deemed custodia legis, and appellant acquired no lien thereon by virtue of its execution delivered to the sheriff after he had been enjoined from enforcing the claims of creditors. In re Christian Jensen Co., supra.

Appellant also contends that it has been misled to its prejudice by the misrepresentations of an officer of its judgment debtor, in consequence of which it deferred entering judgment for three days. A controverted question of fact is presented by the denial that any misrepresentation was made or that the company was guilty of bad faith. We refrain from reviewing the decision of the special term on this question of fact, if the special term did decide it, which is doubtful, for two reasons: (1) Appellant should have moved promptly and within the life of its execution; and (2) it appears that other creditors whose claims exceeded the personal property of the judgment debtor were prepared to enter judgment before appellant was entitled so to do, and they were induced to refrain from so doing upon the understanding that they would not thereby lose their priority, and it would therefore be inequitable to allow appellant a preference over them. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.