### WILCOX et al. v. NATIONAL SHOE & LEATHER BANK.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

BANKS—APPLICATION OF DEPOSITS—DEBTS DUE BANK—INSOLVENCY OF DEPOSITOR—APPOINTMENT OF RECEIVER.

Where a bank, holding a note of a depositor payable at the bank, pays such note on the day of its maturity, by transferring a portion of his deposit to the account of the bank, without knowledge of the depositor's insolvency, and before an order of the supreme court appointing a receiver is filed with the clerk of court, the payment is valid, even though the order appointing such receiver is made by the judge at his residence before such payment.

Suit on agreed statement of facts by Albert A. Wilcox and another against the National Shoe & Leather Bank. Judgment for defendant.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

Edward B. Hill, for plaintiffs.

James L. Bishop, for defendant.

PATTERSON, J.   The contest between the parties to this record is submitted upon an agreed statement of facts, pursuant to the provisions of section 1279 of the Code of Civil Procedure.   By that statement it appears that on the morning of October 25, 1898, the John Stephenson Company, Limited, had on deposit in the defendant bank a balance of $6,662.16.   The defendant was the owner and holder of a promissory note for $5,000 made by the John Stephenson Company, Limited, which fell due on the 25th of October, 1898, and at about 10 o'clock on the morning of that day the defendant charged the amount of the note against the credit balance of the Stephenson Company, and thus, as it claims, the note was paid.   It is not stated in the submission that when the amount of the note was thus set off against the indebtedness of the bank to the Stephenson Company on account of its deposit balance the defendant was aware that that company was insolvent.   On the 24th of October, 1898, at about 6 o'clock in the afternoon, a petition in a proceeding for the voluntary dissolution of the John Stephenson Company, Limited, was presented to one of the justices of the supreme court at his private residence in the city of New York, together with an order to show cause why the prayer of the petitioner should not be granted, and also an order for the appointment of receivers in that proceeding.   Notice of motion for the appointment of receivers had been waived by the attorney general.   The order appointing receivers was signed by the justice in the following manner: "Enter:   Wm. N. Cohen, J. S. C."   The order to show cause was also signed in like manner.   The two orders, when thus signed, were handed by the justice to one of the attorneys for the petitioner. A bond of one of the receivers was at the same time approved by the justice, and, with the other papers, the bond thus approved was also handed to the attorney.   The next morning,—that is, on October 25, 1898,—at or shortly after 10:25 o'clock, the orders so signed by the justice were filed with the clerk of the court.   A bond of the other receiver was filed with the clerk later on the same day.

It is urged by the defendant that the application for the receiver was improperly made to the judge out of court, and that it should have been made in open court to the justice assigned to hold that branch of the supreme court in which noticed motions are to be heard.   It is unnecessary to determine on this appeal whether the provisions of section 700 of the Code of Civil Procedure authorized the application to be made at the private residence of the justice; for we are of the opinion that the order appointing the receivers would not become operative to entitle them to the moneys of the John Stephenson Company, Limited, on deposit with the defendant, until that order was entered with the clerk.   It was a court order.   It was the order of a court of record, and not the order of a judge of a court of record, and the distinction between such

orders exists as fully under code practice as it did under the old systems of procedure. Heishon v. Insurance Co., 77 N. Y. 278. In Whitney v. Belden, 4 Paige, 140, it was held in chancery that neither party could have any benefit from a decision of a court until the order upon such decision was drawn up and perfected; and in that connection the chancellor remarked that in England, if the order were one as of course, the register drew it up in the usual form, and after it was entered in the minutes he signed and passed it, which completed the entry of the order, after which it might be acted on by either party; while in this state the solicitor for the party obtaining the order or in whose favor a decision is made draws up the order, and delivers it to the register to be passed and entered, or procures it to be drawn up and passed by the register, after which the order is considered perfected, so that either party may be allowed to act upon it or to take copies of it. It seems to have been assumed, without dispute, in all the cases which have come under our observation, that the entry of a court order under direction was a necessary step in the perfection of that order. Both in chancery and at the common law court orders were entered; that is to say, became part of the records of the court. Reduced to writing, delivered to the clerk with a direction by the judge to enter the same upon the record, an order becomes operative; or where the order is not signed by the judge, but a verbal direction is given to enter the order, the action of the clerk in obeying that direction perfects the order precisely in the same way as the action of the register in entering an order as of course under the old chancery system perfected such order. Orders granted on motion are to be regarded as entered from the time of their being filed with the clerk. Van Sant, Eq. Pr. 433. That it has been assumed by the courts that an order becomes operative from the time of its filing as the equivalent of entering is noticeable in the following cases, among others:

In Vilas v. Page, 106 N. Y. 455, 13 N. E. 743, the court says:

"We are of opinion that the order became effective as an authority to the receiver upon its being filed with the clerk, and that the mistake of the clerk cannot, on the one hand, operate to the prejudice of parties dealing with the receiver in reliance upon the order, or, on the other, furnish a defense to other persons which they would not have had if the order had been promptly recorded."

In Hastings v. Improvement Co., 46 App. Div. 609, 61 N. Y. Supp. 998, the point was raised as to the time at which an order confirming assessments became effective, and this court said that:

"It is quite clear that the order of the court became operative and the report became confirmed on the day the order was entered by the clerk of the court. The initialing of the formally prepared order by the judge was simply a direction to the clerk to enter the order. Such initialing was unnecessary to make the order valid. A direction of the judge, either verbally or in writing, to the clerk to enter the order, and his entering the order under such direction, was the evidence of the decision of the court, and upon the day of the entry of the order the report stood confirmed. The time when the judge affixed his initials to the order was of no importance. It was his delivery to the clerk of the order, with a direction to enter the order, and its entry by the clerk, which gave it validity."

In Re Lenox Corp., 57 App. Div. 517, 68 N. Y. Supp. 103, affirmed 167 N. Y. 623, 60 N. E. 1115, it was held that upon the filing of the receiver's bond his right related back to the time the order of his appointment was granted and entered, from which time property was deemed in custodia legis. And so through many other cases it has always been assumed that the ultimate act perfecting an order of the court, so as to make it operative, is its entry, which, as above remarked, may be the time it is filed with the clerk.

It is argued by the receivers that it is immaterial at what time the order of their appointment was entered, because their title would relate back to the time at which the order was signed; but, even if that were so for general purposes, it would not relate back so as to defeat intervening rights of the defendant actually acquired before the perfection of the order. Moran v. Sturgis, 154 U. S. 256, 14 Sup. Ct. 1019, ·38 L. Ed. 981; In re Gies Lithographic Co., 7 App. Div. 550, 40 N. Y. Supp. 146.

On the morning of October 25, 1898, at 10 o'clock, the defendant had the right to set off the amount of the note against its indebtedness to that company upon its bank account. The note of the John Stephenson Company, Limited, was made payable at the defendant's banking house. Had this note been held by a third party, such party would have had the right, at 10 o'clock on the morning of the 25th of October, to present it and demand payment. The bank at that time had the same right to pay itself as it would have had to pay the amount to a third party, had the note belonged to, and been presented by, such third party.

Judgment must be ordered for the defendant, with costs. All concur.