LOUIS F. MENTZ, Plaintiff, *v.* EFFICIENT BUILDING CORPORATION and Others, Defendants.*

Supreme Court, Westchester County, July 22, 1931.

*Humphrey J. Lynch,* for the receiver.

*Simpson, Thacher & Bartlett,* for the plaintiff.

CLOSE, J. Arville M. Turner, the owner of a junior mortgage on the premises involved, appears specially and moves to vacate an order secured by the plaintiff *ex parte* purporting to extend the receivership of Edward Turner for the benefit of the plaintiff as mortgagee.

It appears that prior to the commencement of this action said Arville M. Turner commenced an action to foreclose a junior mortgage on the same premises. On October 31, 1930, after due notice to the owners, an order was made appointing Edward Turner receiver of the rents and profits of said premises and he duly qualified and entered upon his duties as such receiver.

It has been held many times that in foreclosure actions receivers are not appointed generally for the benefit of all parties according to their respective interests, but are specifically appointed for the benefit of the party who makes the motion for such appointment. (*Washington Life Ins. Co.* v. *Fleischauer,* 10 Hun, 117; *Howell* v. *Ripley,* 10 Paige, 43; *Ranney* v. *Peyser,* 83 N. Y. 1.)

After the action had been begun by Turner to foreclose her mortgage, the plaintiff began an action to foreclose his mortgage, which was prior to the Turner mortgage. The summons and complaint and *lis pendens* were filed. It is conceded that before any party was served, an application was made to the court *ex parte* for an order extending the receivership in the Turner action for the benefit of the plaintiff Mentz in the action commenced by

him. The order extending the receivership for the benefit of the Mentz mortgage provided that the receiver should file a bond to be duly approved in the sum of $10,000. This order was made on November 3, 1930, and a copy was delivered to the receiver on November seventeenth. The moving party here urges that because the receiver failed to file his bond, he never qualified under the order, and, therefore, for that reason his appointment is a nullity. I do not think there is any merit in this contention. If the order was duly made, the rents collected subsequent to the granting of the order would belong to the prior mortgagee.

But there is an objection which, it seems to me, is sound. On November 3, 1930, when the order extending the receivership was made, the Mentz action had not been commenced for the reason that none of the party defendants had been served with process. The summons and complaint and notice of pendency of action had been filed in the clerk's office and the plaintiff contends that this is a sufficient compliance with the statute. Section 975 of the Civil Practice Act provides as follows: " Notice of an application for the appointment of a receiver *in an action*, before judgment therein, must be given to the adverse party, * * *."

That this language must be construed as meaning that an action is pending at the time the application is made is apparent by the following sentence, to the effect that under certain circumstances, and at the discretion of the court, a receiver may be appointed in a case where the service is not complete, *i. e.*, where the summons has been directed to be served by publication.

The last sentence in this section provides that in an action to foreclose a mortgage where the mortgage so provides, a receiver may be appointed without notice, but it is elementary, it seems to me, that before a receiver can be appointed an action must be pending.

An action is commenced by the service of the summons. (Civ. Prac. Act, § 218; *Campbell* v. *New York Evening Post*, 245 N. Y. 320; *Walsh* v. *Heñel*, 226 App. Div. 198, and *17th Avenue & 73rd Street Corp.* v. *Ocean Operating Corp.*, 215 id. 106.) An action is not commenced by the filing of the complaint and pendency of action in the clerk's office. The purpose of such filing is to give constructive notice to a future purchaser or incumbrancer of the property affected as against any of the defendants with respect to whom the notice is directed to be indexed. (Civ. Prac. Act, § 121.)

It is conceded that although the moving party had already commenced an action to foreclose her junior mortgage, and the receiver to protect her interests had been duly qualified and was in possession, no notice of the motion to have the receivership

extended for the benefit of the Mentz mortgage was given to her. Her rights were vested and could not be divested without notice, and as to her, even assuming that the court had authority to extend the receivership in the Mentz action before process had been served, such order is a nullity in so far as this moving party is concerned. (*Howell* v. *Ripley*, 10 Paige, 43.)

Motion to vacate order is granted.

Settle order on notice.