**George GASSER and Gasser Chair Company, Inc., Plaintiffs,**

v.

**INFANTI INTERNATIONAL, INC., Mark Infanti, Nancy Aponte Infanti, Vittorio Infanti, Marguerita Infanti, Mariella Infanti, Amboy National Bank, George E. Scharpf and Sanders W. Gropper, in his capacity as Receiver of Infanti International, Inc., Defendants.**

No. 03–CV–6413 (ILG).

United States District Court, E.D. New York.

March 30, 2005.

Alex Spizz, Jill L. Makower, Todtman, Nachamie, Spizz & Johns PC, New York City, for Plaintiffs.

Jay W. Freiberg, Katten Muchin Zavis Rosenman, New York City, John P. Ruggiero, Canfield, Madden, Rossi, Ruggiero & Crowley, LLP, Douglaston, NY, Stan L. Goldberg, Platzer, Fineberg, Karlin, Levine, Goldberg & Jaslow, LLP, Gerald A. Rosenberg, KMZ Rosenman, New York City, James Weller, Nixon Peabody, Garden City, NY, Peter S. Herman, McLaughlin & Stern LLP, Jon Paul Robbins, McLaughlin & Stern, New York City, for Defendants.

Dennis Thomas Kearney, Pitney Hardin Kipp & Szuch, Morristown, NJ, Marie Anne Tieri, Rosenman & Colin, LLP, New York City, for Defendants/Claimant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### Introduction

The court-appointed Temporary Receiver (the "Receiver") in this case has obtained an order directing Deskey Associates, Inc. ("Deskey") to show cause why it should not be stayed from enforcing a default judgment obtained in a New York state court against Infanti International, Inc. ("Infanti"), and why it should not be directed to disgorge monies it received by levying execution upon an Infanti bank account. Reliance for the relief the Receiver seeks is placed on a Memorandum and Order ("M & O") issued by this Court on April 21, 2004, in another proceeding in this case, familiarity with which is presumed, and in which the Court wrote:

> [W]hen a court of competent jurisdiction has, by appropriate proceedings, taken possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as an incident thereto and as an ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, the control of the property ... *Wabash R. Co. v. Adelbert College*, 208 U.S. 38, 54, 28 S.Ct. 182, 187–88, 52 L.Ed. 379 (1908). *See also Field v. Kansas City Refining Co.*, 9 F.2d 213 (8th Cir.1925), *cert. denied*, 271 U.S. 676, 46 S.Ct. 489, 70 L.Ed. 1146 (1926); *Odell v. H. Batterman Co.*, 223

F. 292 (2d Cir.1915); *Buckhannon & N.R. Co. v. Davis,* 135 F. 707 (4th Cir. 1905).

*Gasser v. Infanti International, Inc.,* 2004 WL 1243114, at *2 (E.D.N.Y. April 21, 2004).

Deskey cross-moves the Court for an order discharging the Receiver, or in the alternative, for an order extending the Receivership for the benefit of Deskey and requiring the Receiver to respond to Deskey's post-judgment subpoenas and other discovery requests.

Deskey does not dispute the applicability of the legal principles discussed in the Court's M & O, contending instead, that the Receiver was without authority to act in that capacity until he executed and filed a bond as prescribed in the Order appointing him (the "Appointment Order"). A review of the docket sheet reflects that the Receiver filed his oath of office promptly but did not file his bond until January 11, 2005, although he obtained one within days of his appointment on January 8, 2004.

At the conclusion of the hearing on January 11, 2005, pursuant to the Order to Show Cause, the Receiver was requested to submit an affidavit regarding the obtaining of the bond and the circumstances surrounding that event immediately thereafter. Later that same day, an affidavit signed by Gary Gropper, representing Sanders Gropper, the Receiver, was received via facsimile in which he stated that after obtaining the bond, he delivered it to counsel for the plaintiffs (who obtained the Receiver's appointment), to be filed by them. In a letter dated January 12, 2005,

received via facsimile, counsel for the plaintiffs acknowledged that the bond, dated January 23, 2004, was in their firm's file and they had inadvertently failed to file it with the Court. Mr. Gropper's affidavit also states that in or about February of 2004, the Receiver and I personally went to a branch of Independence Savings Bank (then known as Staten Island Savings Bank) ("ISB"), met with an officer and advised such officer of the Reciever's appointment. We provided said bank with copies of the order appointing the Receiver and of the Receiver's Bond. Additionally, both the Receiver and I executed signature cards for the company's accounts so as to permit us to become the sole signatories with respect to such accounts in place of the Infantis. Subsequent to appearing in Court today, I called Independence Savings Bank and, following a search of their records, they called me back to confirm that all of such documents remain on file in their records.

At the Court's request, and based on Deskey's objection that the Gropper affidavit was inadmissible hearsay, the Receiver obtained an affidavit, sworn to on March 14, 2005, from Therese Marks, an Assistant Vice President of ISB, in which she testified that in March, 2004, ISB "had the Receiver sign new signature cards for each [Infanti] account listing him as the signatory acting in the capacity of Temporary Receiver." Ms. Marks indicated that the signature cards and a copy of the order appointing the Receiver remain on file at ISB.[1]

---

**1.** Ms. Marks' affidavit demonstrates that the Receiver complied with the Appointment Order which required him to "deposit any and all funds of Infanti International, Inc. currently on hand and any funds subsequently received into a federally insured banking institution located within the Eastern District of New York under the name of Infanti Interna-

tional, Inc." (Appointment Order ¶ 7). Deskey's claim that the Receiver did not have "control" over the bank account it levied execution upon is therefore unsupported. Further, that Ms. Marks indicates that the Receiver executed the signature cards for the account "in or about March 2004" and that Mr. Gropper testified that it occurred "in or

### Background

Infanti retained Deskey in 2001 to create and design brochures, advertisements, labels, websites, business cards and videos. Deskey performed the work for which it was retained and, with the exception of two part payments of $6,000 each, is owed $168,578.12. Deskey commenced an action against Infanti in November, 2003 in the New York State Court. Deskey's motion for summary judgment was granted by default and entered on September 28, 2004 in the amount of $214,504.52, representing the amount owed plus pre-judgment interest. Deskey then caused execution to be levied on November 17, 2004, on a bank account in the name of Infanti maintained at ISB. ISB held the funds, approximately $26,500, in the account for 21 days from the date of the levy, until it turned the money over to Deskey's counsel on December 14, 2004. The Receiver was never informed of the judgment obtained by Deskey and had no knowledge that execution was levied on the Infanti bank account until December 2, 2004. This application followed.

### Discussion

#### I. The Receiver's Belated Filing of a Bond

Deskey argues that the Receiver does not have authority to object to the execution levied on the Infanti bank account because at the time of the execution and levy, the Receiver had not yet filed a bond as required by the Appointment Order and N.Y. C.P.L.R. § 6403. The Appointment Order states that the Receiver, "before entering upon his duties and in order to qualify therefor, shall execute and file an undertaking in the sum of $50,000.00 that

about February 2004," does not undermine the conclusion that the Receiver complied with the Appointment Order or otherwise affect this application.

he will faithfully and fairly discharge his duties." (Appointment Order ¶ 3). N.Y. C.P.L.R. § 6403 provides that a "temporary receiver shall give an undertaking in an amount to be fixed by the court making the appointment, that he will faithfully discharge his duties." In this case, there is no dispute that the Receiver obtained a bond in the amount of $50,000 on January 23, 2004, and delivered it to the attorney who obtained his appointment for filing, which the latter inadvertently failed to do until January 11, 2005.

■ The primary issue raised by Deskey in its cross-motion is whether the filing of the Receiver's bond after execution was levied on the Infanti bank account trumps the legal principle set forth in the M & O that property controlled by the Receiver cannot be adjudicated by any court other than this one. The scant case law on this subject reveals that where, as here, the Receiver files a duly approved bond, his rights relate back to the date when the order of his appointment was granted and entered, so as to defeat rights obtained by third parties in the interim.[2]

■ For example, in *In re Lenox Corporation*, 57 A.D. 515, 68 N.Y.S. 103 (4th Dep't 1901), *aff'd*, 167 N.Y. 623, 60 N.E. 1115 (N.Y.1901), a judgment was entered against the Lenox Corporation on the morning of March 13, 1899 on two promissory notes in favor of the appellant. That same morning, the corporation filed a voluntary dissolution proceeding, and as part of that filing, the court appointed a temporary receiver, and "enjoined all creditors from bringing action against the corporation for the recovery of money." *Id.*, 57 A.D. at 516, 68 N.Y.S. 103. That "order

2. A receiver's failure to file a bond is not jurisdictional. *See, e.g., Williams v. New York Zinc Co.*, 29 F.2d 167, 170 (2d Cir.1928).

was entered in the clerk's office . . . at ten-forty seven A.M., just half an hour before the docketing of appellant's judgement." *Id.* "At eleven-thirty-two A.M. the temporary receiver qualified by filing his bond." *Id.* In determining that appellant had no right to enforce his judgment, the court held that "[u]pon the filing of the receiver's bond his right related back to the time the order was granted and entered, from which time the property is deemed custodia legis, and appellant acquired no lien thereon by virtue of its execution delivered to the sheriff after he had been enjoined from enforcing the claims of creditors." *Id.* at 519, 68 N.Y.S. 103.

Here, the facts are virtually the same as those in *Lenox Corporation* except that the Appointment Order did not specifically enjoin creditors, such as Deskey, from bringing actions seeking the recovery of money against Infanti. The Appointment Order did not contain such a provision because, as set forth in the M & O, creditors seeking to assert money claims against the entity over whom a receiver maintains control must bring suit in the court which appointed the receiver. This is a well-accepted legal principle which Deskey does not dispute.

As in *Lenox Corporation*, Deskey obtained a judgment against a corporation at a time when the Receiver exercised control of the assets of that corporation pursuant to a duly entered appointment order but before the Receiver's bond was filed. *Lenox Corporation* holds that when the bond was filed is immaterial and does not divest this Court from maintaining exclusive jurisdiction, through the Receiver, over Infanti's property. *Cf. Wilcox v. National*

*Shoe and Leather Bank*, 67 A.D. 466, 467, 73 N.Y.S. 900 (1st Dep't 1902) (an order of appointment cannot be made to relate back beyond the time it became effective, *i.e.*, when the court entered the order, so as to defeat intervening rights of an entity acquired before such time).

Accordingly, on the filing of the Receiver's bond, his right to the property of Infanti relates back to the time when the Appointment Order was entered.[3] This Court, having appointed the Receiver, retains exclusive jurisdiction over the assets of Infanti, the entity the Receiver has been appointed to protect. Therefore, the Court stays enforcement of the default judgment which Deskey obtained against Infanti after the Appointment Order was entered. Further, equity compels the Court to require Deskey to disgorge and return to the Receiver, all funds removed from Infanti's bank account at ICB.[4]

## II. Cross–Motion to Extend Receivership For Deskey's Benefit

■ In the alternative, Deskey cross-moves to extend the receivership for its benefit, arguing that otherwise it is left without a remedy with respect to the judgment it has obtained against Infanti. The cases which Deskey cites in support of its cross-motion are inapposite. Deskey relies primarily on *Mentz v. Efficient Building Corp.*, 145 Misc. 505, 506, 261 N.Y.S. 242, 243 (1931). In that case, the court addressed whether it was appropriate to extend a receivership for the benefit of a senior mortgagee, in an action filed by a junior mortgagee. The court vacated the *ex parte* order for appointment of a receiv-

---

3. Deskey's cross-motion to discharge the Receiver because he failed to file a bond is denied. As indicated above, it is undisputed that he filed a bond on January 11, 2005.

4. The affidavit from ISB, and evidence submitted by Deskey, suggests that the bank may have been negligent in failing to change the name of the account on which the marshal levied to reflect that the Receiver maintained sole control over that account.

er because in the case involving the junior mortgagee, the summons had not been served. *Id.*, 145 Misc. at 507, 261 N.Y.S. at 244 ("On November 3, 1990, when the order extending the receivership was made, the Mentz action had not been commenced, for the reason that none of the party defendants had been served with process"). With respect to the court's decision to· appoint a receiver in the first instance, the facts in *Mentz* reveal that both individuals had commenced actions over the same property and they each had sought the appointment of a receiver. That is not the case here.

As to the other cases which Deskey cites, the Court has examined them and finds each inapposite.[5]

Further, in light of the Court's recent decision to discharge the Receiver after he conducts a public sale of the assets of Infanti and submits his final accounting, familiarity with which is assumed, *see Gas-*

*ser v. Infanti International, Inc.*, 2005 WL 475374 (E.D.N.Y. Mar. 2, 2005), extending the receivership for the benefit of Deskey would serve no purpose.[6]

### *Conclusion*

Since no party can obtain any part of the assets or enforce a right to specific property in the possession of the Receiver, except upon application to the court which appointed him, the Court grants the Receiver's motion and orders Deskey to disgorge the money which it has obtained as a result of the judgment entered in the New York State Court. Deskey shall deliver the money to the Receiver within five business days following its receipt of this Memorandum and Order.

SO ORDERED.

---

**5.** *See Armienti v. Brooks*, 309 A.D.2d 659, 661, 767 N.Y.S.2d 2, 4 (1st Dep't 2003) (reversing trial court's decision to appoint a receiver in connection with dissolution of accounting firm); *Secured Capital Corp. of N.Y. v. Dansker*, 263 A.D.2d 503, 504, 694 N.Y.S.2d 409, 410 (2d Dep't 1999) (affirming denial of appointment of receiver where defendants "failed to demonstrate that those funds or properties are in danger of being materially injured or destroyed"); *Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 813 F.Supp. 234, 236 (S.D.N.Y.1993) (mortgagee, which had not received any payments for several months, was entitled to application for receiver where defendants could not be found and rents were about to come due); *Federal Home Loan Mortgage Corp. v. Tsinos*, 854 F.Supp. 113, 116 (E.D.N.Y.1994) (receiver appointed by court pursuant to terms of mortgage to collect rents from property subject to action to foreclose was not personally liable for state court judgment in favor of tenant based on rent overcharges, and tenant had to proceed against proceeds of sale of property or take offset against future rent, where there was no allegation that receiver acted improp-

erly in his capacity as a receiver); *Cutler v. The 65 Security Plan*, 831 F.Supp. 1008, 1019–20 (E.D.N.Y.1993) (court denied motion to appoint receiver in action where creditors brought claims against multiemployer health benefits trust fund where there "is no allegation of waste or mismanagement by the trustees or the Fund administrator"); *Varsames v. Palazzolo*, 96 F.Supp.2d 361, 366 (S.D.N.Y. 2000) (appointment of receiver was not warranted in dispute between owners of apartment complex and guarantor of mortgage on complex where no dispute over ownership existed since guarantor's interest was contingent liability rather than property right); *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir.1963) ("The claim for a receivership of the corporations was properly rejected" in complex action brought under Connecticut law).

**6.** The parties have not cited any cases, and the Court has not uncovered any, in which a court, in its discretion, orders a temporary receiver to safeguard the interests of a creditor of the entity over whom the receiver exercises control.