## WHITNEY *vs.* BELDEN & BELDEN.

Neither party can have any benefit from a decision of the court, until the order upon such decision is drawn up and perfected. And where it is material to either party, the caption or date should be made to correspond with the time of the actual entry of the order.

Where the party, who is entitled to draw up the order, enters it as of the time the decision of the court was pronounced, he cannot afterwards object that it was not actually entered at that time.

If the party entitled to draw up the order, on a decision of the court, neglects to do so for twenty-four hours after the decision is pronounced, any other party, interested in the entry of the order, may apply to the register or assistant register at the place where the decision was made, to draw up and enter the order, in conformity with the decision of the court.

Where an order is special in its provisions, the party entitled to draw up the same should submit a copy thereof to the adverse party, that he may propose amendments thereto, before it is submitted to the register to be settled and entered.

July 16.

THIS was an appeal from an order of the vice chancellor of the first circuit, ordering certain amendments to the complainants' bill to be taken off the files of the court. The order was founded upon a certificate of the clerk that the decision of the vice chancellor, allowing exceptions to the defendants' answer, was made on the 3d of December, 1832, and that the amendments were not filed until the 22d of the same month. The order allowing the exceptions to the answer, and which was served by the complainants' solicitor on the adverse party, also, purported to have been made on the 3d of December. But the complainants' counsel read an affidavit, in opposition to the motion, stating that he was not present when the decision upon the exceptions was made, that the order founded on that decision was not in fact entered until the 7th of December; and that on the 17th of December, the defendants' solicitor stipulated to allow the complainants

six days longer to amend their bill, provided they had a right
to amend at the time such stipulation was given.

*R. Sedgwick,* for the appellant.

*J. W. Gerard,* for the defendants.

THE CHANCELLOR. Although the decision of the vice
chancellor, upon the exceptions, was made on the 3d of De-
cember, neither party could act upon or have any benefit from
that decision, until the order was drawn up and perfected. In
England, if the order is of course, without any special provis-
ions, as in this case, the register draws it up in the usual form,
and after it is entered in the minutes, he signs and passes it,
which completes the entry of the order ; after which it may
be acted on by either party. Here, the solicitor for the party
obtaining the order, or in whose favor a decision is made,
draws up the order, and delivers it to the register to be passed
and entered, or procures it to be drawn up and passed by the
register ; after which the order is considered perfected, so that
either party may be allowed to act upon it, or to take copies
thereof. And if the party entitled to draw up the order neg-
lects to do so, for twenty-four hours after the decision of the
court is pronounced, any other party interested in having the
order entered, may apply to the register or assistant register
where the decision was made, to draw up and enter the order,
in conformity with the decision of the court, at the expense of
the party so requesting the register to draw and enter the
same. If the order is special in its provisions, the party enti-
tled to draw up the order should submit a copy thereof to the
adverse party, to enable him to propose amendments thereto,
if he shall think proper. The draft, and the amendments pro-
posed, if any, are then to be delivered to the register, that the
·order may be settled by him and entered. And where the re-
gister cannot understand the decision of the court so as to be
able to settle the order in conformity therewith, he is then, and
in that case only, to apply to the court to settle the order.
Where it is of any importance to either party that the true
time of entering the order should appear, the date or caption

of the order should be made to correspond with the time of its actual entry or allowance by the register. I infer from the papers in this cause that the order was either drawn up by the solicitor for the complainants as of the time when the decision was made, or at least that he sanctioned the entry of the order as of that date by serving a copy thereof on the solicitor of the defendants; upon which copy they founded their application to take the amendments off the files of the court, as not having been made within the ten days, as required by the 45th rule. After the service of such an order, I think the complainants were not authorized to repudiate it, by alleging it was not in fact drawn up and entered at the time when, from the caption, it purported to have been made. And they should have filed and served their amendments within ten days from the date of the order, as drawn up and served. The order of the vice chancellor directing the amendments to be taken off the files, must therefore be affirmed, with costs.