THE ONEIDA NATIONAL BANK OF UTICA *vs.* STOKES and others.

In March, 1870, an action having been noticed for trial by both parties, judgment by default was granted, in favor of the defendant. In April thereafter, that default was opened, upon terms which included setting the case down for trial for the fourth Monday of that month, at special term. *Held* that the terms upon which the default was opened were discretionary; and that no point could be raised, upon them, against the regularity of the trial in April, unless the cause was in such a condition, as to issue, as not to be triable.

*Held, also,* that, if the cause was at issue, then, whether it had been noticed or not, would be wholly unimportant if the judge saw fit to include going to trial as one of the conditions of opening the default.

Whether a cause can properly be brought to trial as against one defendant, when not at issue as to the others, where no previous order for a separate trial has been allowed by the court ? *Quære.*

A party, by noticing a cause for trial, must be considered as admitting that it was at issue at that time, and is estopped, by that act, from objecting that issue was not joined.

Until issue joined, a plaintiff has no right to notice the action for trial; and after having brought the defendants to court upon his (the plaintiff's) notice, the latter cannot be heard to say that they had been improperly brought there, if the defendants do not see fit to make the objection.

Although an appeal lies from an order for an allowance, yet when the allowance is granted at the trial, by the judge then presiding, who has seen and can best appreciate whether it is a difficult and extraordinary action, it must be a very glaring case of an excessive allowance which can justify interference with his discretion by an appellate tribunal.

APPEAL by the plaintiff from a judgment dismissing the complaint, entered on a trial by the court without a jury.

The plaintiff obtained a judgment against the defendant Edward H. Stokes, and an execution on it was returned unsatisfied. The plaintiff then commenced this suit, alleging that certain property known as the Sterling Oil Works, and the title to which stood in the name of the defendant Nancy Stokes, was really the property of her husband, Edward H. Stokes, and subject to execution against him; and also alleging that a certain mortgage given to the defendant Clark was fraudulent, or fraudulent

as to a part thereof, and asking to have it so decreed so far as the claims of the plaintiff were affected. The Manhattan Savings Institution was also a party, but at the time of this trial had not yet answered.

The action was tried at the New York special term, in April, 1868, by a justice of this court, without a jury. At the preceding March term the case had been called and the plaintiff's default taken, and the same allowance granted on the default. The default had been opened by the court at a special term and the case ordered to be tried forthwith at the April term. The case had been noticed for the March term, but had never been noticed for the April term.

On the case being called at the April term the plaintiff objected to the trial proceeding, and moved to strike the cause from the calendar, on the ground that the cause had not been noticed for trial since the default referred to, and that the court had no power to direct a trial to take place without the regular notice of trial; and also on the further ground that the action was not at issue as to the Manhattan Savings Institution, a co-defendant, and could not be thus tried in parcels.

The court overruled the motion, and ordered the trial to proceed, and the plaintiff excepted.

On the conclusion of the plaintiff's evidence, the court dismissed the complaint, and gave an extra allowance to the defendant Nancy Stokes, and another to the defendant Clark, both for the full amount.

*G. S. P. Stillman*, for the appellant.

*B. F. Dunning* and *Spring & Wetmore*, for the respondents.

*By the Court*, CARDOZO, J. In the month of March, 1870, this cause having been noticed by the plaintiff as well as by the defendants, judgment by default was granted

in favor of the defendants. That default was opened by Judge INGRAHAM, in April, 1870, upon terms, which included setting the case down for trial for the fourth Monday of April, at special term. The terms upon which the default was opened were discretionary, and no point can be raised under them against the regularity of the trial in April, unless, indeed, the cause was not in such condition as to issue, as to be triable. If the cause were at issue, then, whether it had been noticed or not, would be wholly unimportant, if the judge saw fit to include going to trial as one of the conditions of opening the default. I do not think it necessary to determine, on this appeal, whether the cause could properly be brought to trial as against one defendant, when not at issue as to the others, when no previous order for a separate trial had been allowed by the court, (*Code*, § 258 ;) because I think the plaintiff, by noticing the cause for trial, at the March term, must be considered as admitting that the cause was at issue, at that time, and is estopped by that act from objecting that issue was not joined. Until issue joined, the plaintiff had no right to notice the action for trial, (*Code*, § 256 ;) and after having brought the defendants to court upon his (the plaintiff's) notice, I think the latter cannot be heard to say that they had been improperly brought there, if the defendants do not see fit to make the objection.

I may add, that no possible harm or injustice could have been worked to the plaintiff, in this case, by the trial proceeding before issue was joined as to the Manhattan Savings Institution ; because the judge below has found, and we think his findings justified by the evidence, that the property sought to be reached belonged to Mrs. Stokes ; and that being so, the plaintiff could have no relief against any one.

Although an appeal lies from an order for an allowance, yet when the allowance is granted at the trial, by the judge then presiding, who has seen and can best appreciate

whether it is a difficult and extraordinary action, it must be a very glaring case of an excessive allowance, which can justify interference with his discretion, by an appellate tribunal. That cannot be said to be the case here.

[First Department, General Term, at New York, February 7, 1871. *Ingraham*, P. J. and *Cardozo*, Justice.]