FRANK P. HASTINGS, Appellant, v. TWENTY-THIRD WARD LAND IMPROVEMENT COMPANY, Respondent.

*Assessment in a New York street opening proceeding — when it becomes a lien — order — when it becomes effective.*

Under the provisions of the Consolidation Act (Laws of 1882, chap. 410) an assessment levied in a street opening proceeding does not become a lien or incumbrance upon the property assessed, within the meaning of a covenant against incumbrances contained in a deed thereof, until the confirmation of the report of the commissioners of estimate and assessment.

An order becomes effective upon its delivery by the judge who heard the motion to the clerk of the court with an oral or written direction to enter it in his minutes, followed by such entry upon the record of the court. The subsequent initialing by the judge of the formally-prepared order is simply a direction to the clerk to enter it.

APPEAL by the plaintiff, Frank P. Hastings, from a judgment of the Supreme Court in favor of the defendant, bearing date the 8th day of May, 1899, and entered in the office of the clerk of the county of New York upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*William H. Stockwell*, for the appellant.

*Gibson Putzel*, for the respondent.

INGRAHAM, J.:

The action was brought to recover for a breach of a covenant against incumbrances contained in a deed of a lot of land in the city of New York, and the question presented is as to the time a certain

assessment for benefit, imposed for opening a street upon which the property conveyed abutted, became an incumbrance upon the property upon which it was imposed. In considering this question the dates are important.

Upon the 30th day of November, 1896, the defendant, a domestic corporation, being the owner of certain real estate in the twenty-third ward of the city of New York sold the same at public auction, and at such sale the plaintiff purchased from the defendant the property described in the deed in question. Such property was sold under certain terms of sale which were executed by the plaintiff as purchaser. It was there provided : " The property will be conveyed by warranty deeds free and clear of all incumbrances (except the covenants against nuisances) and lots will be described by metes and bounds, bounded by the side of the streets upon which they are located. All taxes and assessments which are liens upon the premises will be paid or allowed by the sellers, and the title insured free of cost to each purchaser." In pursuance of such sale the plaintiff paid to the defendant on the day of sale ten per cent of the purchase money, and on the 5th of January, 1897, paid the balance of the purchase money, and received from the defendant a warranty deed of the premises. This deed was dated December 10, 1896, was in consideration of $100 and other valuable consideration, and conveyed to the plaintiff a lot of land bounded by the easterly side of Bryant street and the northerly side of East One Hundred and Seventy-second street, including a description which would exclude the fee of the street. This deed contained a covenant that the said premises were free from incumbrances, and that the defendant warranted the title to the said premises. It further appeared that on December 14, 1894, proceedings had been commenced in the Supreme Court to acquire title to East One Hundred and Seventy-second street from the Southern Boulevard to Bronx river, and that on that day an order was entered appointing commissioners of estimate and assessment; that such proceedings were duly conducted, and the commissioners' report making an award for damage to the owners of property taken for the street and imposing an assessment for benefit, dated November 18, 1896, was presented to the Supreme Court for confirmation on December 10, 1896. It would appear that the application for the confirmation of that report was opposed

by counsel, but on January 26, 1897, an order was entered confirming the said report. The caption of that order was "At a Special Term of the Supreme Court of the State of New York, held at Part III thereof, in the County Court House in the City of New York, on the 10th day of December, 1896," and the order recited that the report of the commissioners of estimate and assessment was on that day presented to the court duly signed by all of the said commissioners. It appeared from the evidence of one of the deputy county clerks that this order first appeared in the record of the Supreme Court on January 23, 1897, on which day it was handed by the judge who heard the motion to the clerk and was entered in the minutes of the court. The record does not show when the report of the commissioners of estimate and assessment was filed with the clerk of the court. It thus appears that the property was sold at auction on November thirtieth, after the report of the commissioners had been signed, but before it was presented to the court for confirmation; that on the tenth of December it was presented to the court for confirmation, which confirmation was opposed by counsel; that the application to confirm the report was not determined until January 23, 1897; that on January 5, 1897, the deed of the premises, with a covenant against incumbrances, was delivered to the plaintiff, and on the 23d of January, 1897, the order of the court was duly entered confirming the report of the commissioners and imposing the assessment upon the property conveyed by the deed. It is quite clear that the order of the court became operative and the report became confirmed on the day that the order was entered by the clerk of the court. The initialing of the formally prepared order by the judge was simply a direction to the clerk to enter the order. Such initialing was unnecessary to make the order valid. A direction of the judge, either verbally or in writing, to the clerk to enter the order, and his entering the order under such direction, was the evidence of the decision of the court, and upon the day of the entry of the order the report stood confirmed. The time when the judge affixed his initials to the order was of no importance. It was his delivery to the clerk of the order, with a direction to enter the order, and its entry by the clerk, which gave it validity. It was thus on January 23, 1893, when the order was delivered to the clerk with the direction of the judge to enter it, and his entry of the order upon the record of the

court, that fixed the date of the confirmation of the commissioners' report. This being so, it would seem to follow as a necessary conclusion that, prior to the time of the entry of this order, there was no assessment imposed upon these premises, and the assessment was not an incumbrance upon the premises prior to that day.

By section 990 of the Consolidation Act (Chap. 410, Laws of 1882), in force at the time of the delivery of this deed, it is provided that the application for the confirmation of the report shall be made to the Supreme Court at a term thereof held in the city of New York, " and such report, when so confirmed by the said court, shall be final and conclusive, as well upon the said mayor, aldermen and commonalty of the city of New York, as upon the owners, lessees, persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report; and also upon all other persons whomsoever." By section 995 it is provided that " the respective sums or assessments so to be assessed and reported by the said commissioners of estimate and assessment, as and for the allowance to be made by the parties and persons respectively in the said report mentioned or referred to, and intended as owners and proprietors of, or parties interested in, lands and premises deemed to be benefited, for the benefit and advantage of the public square or place, street, avenue, or part or section of a street or avenue, or of the extension, enlargement or other improvement of the street or public place mentioned in the said report, shall be a lien or charge on the lands, tenements, hereditaments and premises in the said * * * report of the said commissioners mentioned." Provision is also made by the Consolidation Act for the discontinuance of the proceedings at any time prior to the confirmation of the report of the commissioners by the court, and the court had power to send the report back to the commissioners to correct any error in an assessment or other proceeding by the commissioners, and it is only upon the final confirmation of the report by the court that the report is conclusive upon the owners of property affected by it, or that an assessment is imposed upon the premises or becomes a lien and incumbrance thereon. This seems to be the uniform course of the decisions of the courts of this State. In *Dowdney* v. *Mayor* (54 N. Y. 186) it is expressly held that an assessment is not a lien or incumbrance within the meaning of a covenant

against charges, taxes, assessments and incumbrances in a deed until 'the confirmation of the report. And in *Harper* v. *Dowdney* (113 N. Y. 644) this principle is expressly reaffirmed. The case of *Dowdney* v. *The Mayor* was cited with approval, as holding that no tax or assessment could exist so as to be a lien or incumbrance within the meaning of a covenant against them until the amount thereof shall be ascertained and determined. In *Lathers* v. *Keogh* (109 N. Y. 583) it was held that a tax for the year 1883, imposed on August twenty-ninth of that year, was not a breach of a covenant against incumbrances contained in a deed delivered on August twenty-third. The court say : " We do not think, therefore, that an assessment or a tax exists as an incumbrance, or as a charge upon lands in the roll, within the meaning of a covenant in a deed against charges, taxes, assessments and incumbrances *until it has been confirmed,* and the amount thereof has been determined in the methods prescribed." The case of *De Peyster* v. *Murphy* (66 N. Y. 622) was considered and distinguished, and it was said that it only applied to a case where the assessment had been confirmed by the court, but had not been entered in the office of the municipality, so as to make it a lien in favor of the municipality. Judge Miller's opinion in *De Peyster* v. *Murphy* is furnished to us by counsel for the appellant in full, and contains this statement : " The covenant in the deed of the plaintiff to the defendant was broad and comprehensive, including all *charges,* as well as taxes and assessments, and even, although an assessment made and confirmed was not a lien for the purpose of the statute, it was, nevertheless, a ' charge ' against the plaintiff, which encumbered the premises, and against which he was bound to provide. It was more than a lien which the statute created. * * * It was then a lawful charge against the plaintiff and the property, and a binding obligation which could only be removed by a discharge, thus differing in some respects from an encumbrance, which is merely a lien upon real estate. The assessment being a charge against the person and the property, it was fairly embraced within the meaning of the covenant, without regard to the question whether it was a lien under the statute." It would seem to be quite clear that the covenant in the deed in the case at bar was not as broad as that contained in the deed in the case of *De Peyster* v. *Murphy*. Here the covenant is only against

incumbrances.; and if we should assume that this assessment was a charge against the defendant in this action under the statute prior to its confirmation, it was not an incumbrance upon the land conveyed by this deed until the confirmation of the report. Until that time there could be no charge upon the land, as the amount of the assessment was not fixed, it still being within the power of the court to enlarge or reduce it by sending the report back to the commissioners for correction. It follows, therefore, that, even under the rule stated in *De Peyster* v. *Murphy*, the report not having been confirmed, and the amount of the assessment not having been ascertained or determined, it was not an incumbrance upon the land and there was no breach of the covenant.

The judgment appealed from was right, and it is affirmed, with costs.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.