(37 Misc. Rep. 129.)

CONANT et al. v. AMERICAN RUBBER TIRE CO.

(Supreme Court, Special Term, Madison County.   January 28, 1902.)

1. ORDER TO SHOW CAUSE—JURISDICTION—REGULARITY.
   Under Code Civ. Proc. § 780, requiring notice of proceedings in an action to be served eight days before the time app inted for hearing, unless the court or a judge thereof or a county judge of the county where the action is triable makes an order to show cause, etc., an order to show cause is irregular if made by any other judge than those named in the section.

2. OPENING DEFAULT—ORDER OF REVERSAL—FAILURE TO ENTER—NOTICING CAUSE FOR TRIAL—WAIVER.
   An order of reversal was never entered in the trial court, which fact both parties knew.  The case was noticed for retrial by plaintiff, when defendant had judgment by default, which plaintiff took no steps to open until nearly a year thereafter, when it appeared that he was insolvent, that defendant's witnesses were scattered, and the correspondence relative to the matter in suit lost.  *Held*, plaintiff was not entitled to have the default opened.

Motion by Charles C. Conant and another against the American Rubber Tire Company to open a default and vacate a judgment for costs. . Denied.

Charles F. McLindon, for plaintiffs.
C. W. Stapleton, for defendant.

FORBES, J. . This is a motion to open a default, and to vacate a judgment for costs, upon the dismissal of the complaint, November 14, 1900.   On a former trial of said action, a verdict was directed in favor of the plaintiffs, with costs.   An appeal was taken from that judgment to the appellate division of the Third department, where said judgment was reversed, and a new trial ordered, with costs to abide the event.   The order of reversal was entered in the appellate division at Albany, March 7, 1900, 62 N. Y. Supp. 972.   No papers were forwarded by the clerk of the appellate division to the county clerk of Madison county, where said judgment was entered.   November 12, 1900, the order of reversal was entered in Madison county. That order was entered by the defendants' attorney, and notice thereof was immediately given to the plaintiffs' attorney.   After a delay of nearly one year, the plaintiffs' attorney made this motion on November 8, 1901, based upon an order to show cause, made returnable at the Madison trial and special term, held on the 11th day of November, 1901.   That motion was argued in the latter part of December, 1901, and was finally submitted January 9, 1902.   The order to show cause was irregular, not having been granted by one of the justices residing in the Sixth judicial district.   It was granted by the county judge of Rensselaer.   Trial Term Rules (published with the appointment of terms); Supreme Court Rule 37; Code Civ. Proc. § 780.   This objection, however, was not raised, and the case was submitted by consent.

Should this motion be denied on the merits?   This action was regularly noticed by both parties, and placed upon the trial calendar for November 12, 1900.   The judgment for costs was entered on the

16th of November, 1900, the defendant not appearing. Immediately thereafter notice of entry of the judgment was duly served on the plaintiffs' attorney. The answering affidavits show that the plaintiffs have become insolvent or nearly so; this is not denied; that since the judgment was taken the defendant's witnesses have separated from the place of their former residence; the defendant has suspended its operations and wound up its affairs; its correspondence with the plaintiffs has been lost or destroyed, and it might be quite disastrous to the defendant to be compelled to retry the action at this late day. On this motion the plaintiffs claim that the trial court did not obtain jurisdiction of the parties nor of the subject-matter of the action, on the ground that the order reversing the former judgment had not been filed in the office of the clerk of the county of Madison at the time the plaintiffs' complaint was dismissed and judgment was entered against the plaintiffs. I do not think this view can be sustained. While it is true that said order should have been duly and regularly entered in the county of Madison, still the appellate division had reversed said judgment, and that order had been duly made and entered in the county of Albany, where the appeal was heard. This duty was to be performed by the clerk. Code Civ. Proc. § 1355; Supreme Court Rule 2; People v. Bank, 53 Barb. 412; Manhattan Co. v. Laimbeer, 108 N. Y. 578, 15 N. E. 712; People v. Bennett, 137 N. Y. 601, 33 N. E. 373; Hook v. Fenner, 18 Colo. 283, 32 Pac. 614, 36 Am. St. Rep. 277, and note. The rules of courts have the force and effect of statutes. In re Moore, 108 N. Y. 280, 15 N. E. 369; People v. Martin, 152 N. Y. 316, 46 N. E. 484. The burden of nonentry of the order of reversal cannot be thrown wholly upon the appellant, who succeeded in the appellate division; nor are the plaintiffs relieved from laches in that respect, since either party had authority to enter the order, the defendant within 10 days, and the plaintiffs, upon defendant's failure to do so, within 24 hours, after the decision was made. Whitney v. Belden, 4 Paige, 140; Hunt v. Wallis, 6 Paige, 371; In re Rhinebeck & C. R. Co., 8 Hun, 34; 4 Wait Prac. 606; Supreme Court Rule 3; Savage v. Relyea, 3 How. Prac. 276; Peet v. Cowenhoven, 14 Abb. Prac. 56. It is apparent that the plaintiffs' attorney had notice of the nonentry of the reversal order, and he was striving to have the defendant's attorney enter the same. With this knowledge on the plaintiffs' part, the cause was regularly noticed and placed upon the trial calendar for May 14, 1900, and by a written stipulation of the attorneys said case passed that term. The case was again duly noticed for trial by the plaintiffs' attorney, October 7, 1900, and by him a notice of issue was duly filed with the county clerk, and the cause was regularly placed upon the trial calendar for November 12, 1900, by the attorneys of each party. If there was any irregularity in the omission to enter the order of reversal, that was waived by the plaintiffs by noticing said cause, and placing the same upon the calendar for trial. Insurance Co. v. Kelsey, 13 How. Prac. 535; Bank v. Stokes, 58 Barb. 508, affirmed in 49 N. Y. 675; Rogers v. Rockwood (Sup.) 13 N. Y. Supp. 939; People v. Porter, 90 Hun, 401, 35 N. Y. Supp. 811; In re McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389.

Assuming the plaintiffs' insolvency to be a fact, together with the embarrassment in the separation and scattering of the defendant's witnesses since the former trial, the loss of its correspondence with the plaintiffs, and the presence of unexplained and unreasonable laches on the part of the plaintiffs to secure a retrial of said action, if they desired a new trial, the discretion of the court ought not now to be invoked or used to assist in the annulment or vacation of this judgment. Upon all the papers and the facts therein disclosed, this motion must be denied, with $10 costs.