ALBERT A. WILCOX and LOUIS STERN, as Receivers of the JOHN STEPHENSON COMPANY, LIMITED, Plaintiffs, v. NATIONAL SHOE AND LEATHER BANK, Defendant.

*An order appointing a receiver of a corporation signed " Enter, Wm. N. Cohen, J. S. C.," by a judge at his residence in New York city — it takes effect when entered — payment by a bank of a note of the corporation before the entry of the order.*

An order granted in a proceeding for the voluntary dissolution of a corporation by a justice of the Supreme Court at his private residence in the city of New York and signed " Enter, Wm. N. Cohen, J. S. C.," is an order of a court of record, and does not become operative so as to entitle the receivers appointed thereby to moneys of the corporation on deposit with a bank until it is entered in the county clerk's office.

Consequently where the bank, the day after the order is made, but before it has been entered in the county clerk's office, applies the balance standing on its books to the credit of the corporation upon a note made by the corporation and held by the bank, which falls due on that day, the transaction is valid as against the receivers of the corporation.

The title of the receivers will not be treated as relating back to the time at which the order was signed for the purpose of defeating rights acquired by a third party before the perfection of the order.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Edward B. Hill,* for the plaintiffs.

*James L. Bishop,* for the defendant.

PATTERSON, J.:

The contest between the parties to this record is submitted upon an agreed statement of facts pursuant to the provisions of section 1279 of the Code of Civil Procedure. By that statement it appears that on the morning of October 25, 1898, the John Stephenson Company, Limited, had on deposit in the defendant bank a balance of $6,662.16. The defendant was the owner and holder of a promissory note for $5,000 made by the John Stephenson Company, Limited, which fell due on the 25th of October, 1898, and at about ten o'clock on the morning of that day the defendant charged the amount of the note against the credit balance of the Stephenson Company, and thus as it claims the note was paid. It is not stated in the submission that when the amount of the note was thus set off against the indebtedness of the bank to the Stephenson Company on account of its deposit balance the defendant was aware that that company was insolvent. On the 24th of October, 1898, at about six o'clock in the afternoon, a petition in a proceeding for the voluntary dissolution of the John Stephenson Company, Limited, was presented to one of the justices of the Supreme Court at his private residence in the city of New York, together with an order to show cause why the prayer of the petitioner should not be granted, and also an order for the appointment of receivers in that proceeding. Notice of motion for the appointment of receivers had been waived by the Attorney-General. The order appointing receivers was signed by the justice in the following manner: "Enter, Wm. N. Cohen, J. S. C." The order to show cause was also signed in like manner. The two orders when thus signed were handed by the justice to one of the attorneys for the petitioner. A bond of one of the receivers was at the same time approved by the justice, and with the other papers the bond thus approved was also handed to the attorney. The next morning, that is, on October 25, 1898, at or shortly after ten-twenty-five o'clock, the orders so signed by the justice were filed with the clerk of the court. A bond of the other receiver was filed with the clerk later on the same day.

It is urged by the defendant that the application for the receiver was improperly made to the judge out of court, and that it should have been made in open court to the justice assigned to hold that branch of the Supreme Court in which noticed motions are

to be heard. It is unnecessary to determine on this appeal whether the provisions of section 770 of the Code of Civil Procedure authorized the application to be made at the private residence of the justice, for we are of the opinion that the order appointing the receivers would not become operative to entitle them to the moneys of the John Stephenson Company, Limited, on deposit with the defendant until that order was entered with the clerk. It was a court order. It was the order of a court of record and not the order of a judge of a court of record, and the distinction between such orders exists as fully under Code practice as it did under the old systems of procedure. (*Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 278.) In *Whitney* v. *Belden* (4 Paige, 140) it was held in Chancery that neither party could have any benefit from a decision of a court until the order upon such decision was drawn up and perfected; and in that connection the chancellor remarked that in England, if the order were one as of course, the register drew it up in the usual form, and after it was entered in the minutes he signed and passed it, which completed the entry of the order after which it might be acted on by either party; while in this State the solicitor for the party obtaining the order, or in whose favor a decision is made, draws up the order and delivers it to the register to be passed and entered, or procures it to be drawn up and passed by the register, after which the order is considered perfected, so that either party may be allowed to act upon it or to take copies of it. It seems to have been assumed, without dispute, in all the cases which have come under our observation, that the entry of a court order under direction was a necessary step in the perfection of that order. Both in Chancery and at the common law court orders were entered, that is to say, became part of the records of the court. Reduced to writing, delivered to the clerk with a direction by the judge to enter the same upon the record, an order becomes operative; or, where the order is not signed by the judge but a verbal direction is given to enter the order, the action of the clerk in obeying that direction perfects the order precisely in the same way as the action of the register in entering an order as of course under the old chancery system perfected such order. Orders granted on motion are to be regarded as entered from the time of their being filed with the clerk. (Van Sant. Eq. Pr. 453.) That it has been

assumed by the courts that an order becomes operative from the time of its filing as the equivalent of entering, is noticeable in the following cases, among others: In *Vilas* v. *Page* (106 N. Y. 455) the court says: "We are of opinion that the order *became effective* as an authority to the receiver upon its being filed with the clerk, and that the mistake of the clerk cannot, on the one hand, operate to the prejudice of parties dealing with the receiver in reliance upon the order; or, on the other, furnish a defense to other persons which they would not have had if the order had been promptly recorded." In *Hastings* v. *Twenty-third Ward Land Co.* (46 App. Div. 609) the point was raised as to the time at which an order confirming assessments became effective, and this court said that "it is quite clear that the order of the court became operative and the report became confirmed on the day that the order *was entered* by the clerk of the court. The initialing of the formally prepared order by the judge was simply a direction to the clerk to enter the order. Such initialing was unnecessary to make the order valid. A direction of the judge, either verbally or in writing, to the clerk to enter the order, and his entering the order under such direction, was the evidence of the decision of the court, and upon the *day of the entry* of the order the report stood confirmed. The time when the judge affixed his initials to the order was of no importance. It was his *delivery* to the clerk of the order, with a direction to *enter the order, and its entry* by the clerk, which gave it validity." In *Matter of Lenox Corporation* (57 App. Div. 517 ; affd., 167 N. Y. 623) it was held that upon the filing of the receiver's bond his right related back to the time the order of his appointment was granted and *entered,* from which time property was deemed in *custodia legis.* And so through many other cases it has always been assumed that the ultimate act perfecting an order of the court, so as to make it operative, is its entry, which, as above remarked, may be the time it is filed with the clerk.

It is argued by the receivers that it is immaterial at what time the order of their appointment was entered, because their title would relate back to the time at which the order was signed, but even if that were so for general purposes, it would not relate back so as to defeat intervening rights of the defendant actually acquired

before the perfection of the order. (*Moran* v. *Sturges*, 154 U. S. 256; *Matter of Gies Lithographic Co.*, 7 App. Div. 550.)

The note of the John Stephenson Company, Limited, was made payable at the defendant's banking house. On the morning of October 25, 1898, at ten o'clock, the defendant had the right to set off the amount of the note against its indebtedness to that company upon its bank account. Had this note been held by a third party, such party would have had the right at ten o'clock on the morning of the twenty-fifth of October, to present it and demand payment. The bank, at that time, had the same right to pay itself as it would have had to pay the amount to a third party, had the note belonged to and been presented by such third party.

Judgment must be ordered for the defendant, with costs.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment ordered for defendant, with costs.