### RYAN v. DOMESTIC REALTY CO.

(Supreme Court, Appellate Term, First Department. May 14, 1914.)

MUNICIPAL CORPORATIONS (§ 519*)—ASSESSMENTS FOR LOCAL IMPROVEMENTS— LIENS—COVENANTS—"FREEDOM FROM INCUMBRANCES."

New York City Charter (Laws 1901, c. 466) § 986, provides that the report of the commissioners of assessment, when confirmed by the Supreme Court, shall be conclusive upon property owners. Section 1004 provides that the assessments reported shall be a lien on the land, and a personal obligation of the property owners, while section 1017 declares that no assessment for any local improvements shall be deemed to be fully confirmed so as to be due, and a lien on the property, until 10 days after the title thereof, with date of confirmation, shall have been entered in a record of the titles of assessments confirmed, in the office of the collector of assessments and arrears. *Held*, that an assessment for benefit in a street opening proceeding made before a conveyance, but not entered in a record of the titles of assessments, is not a charge, incumbrance, or lien within Real Property Law (Consol. Laws, c. 50) § 253, subd. 3, providing that a covenant for freedom from incumbrances means that the premises are free, clear, discharged, and unincumbered of all judgments, taxes, assessments, liens, etc., for the statute expressly postpones the lien until such entry.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1220–1227; Dec. Dig. § 519.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Dennis F. Ryan against the Domestic Realty Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

William Berg, of New York City (Alexander S. Crowley, of New York City, of counsel), for appellant.

Rose & Paskus, of New York City (Benjamin G. Paskus and Norman P. S. Schloss, both of New York City, of counsel), for respondent.

PENDLETON, J. This appeal involves the question as to whether an assessment for benefit in a street opening proceeding in the city of New York becomes a "charge, incumbrance or lien" within the mean-

---

ing of a covenant against incumbrances under section 253 of the Real Property Law, subdivision 3, on confirmation by order of the court, or only after entry of the assessment in the office of the collector of assessments and arrears, under section 1017 of the Charter.

Section 986 of the Charter provides that the report of the commissioners of assessments, when confirmed by the Supreme Court, shall be final and conclusive upon the city and the property owners. Section 1004 provides that "sums or assessments reported" by the commissioners of assessments shall be a lien or charge on the lands and a personal obligation of the property owners. Nothing is specifically said in either of such sections as to when the sums or assessments become due and payable or a lien or charge on the lands. Section 1017 relates specifically to that point, and provides:

"No assessments for any local improvements shall be deemed to be fully confirmed, so as to be due and be a lien upon the property included in the assessment, until ten days after the title thereof, with the date of confirmation shall be entered with the date of such entry, in a record of the titles of assessments confirmed, to be kept in the office of the collector of assessments and arrears."

Real Estate Corporation v. Harper, 174 N. Y. 123, 66 N. E. 660, held a covenant against incumbrances is not violated unless the assessment was a charge, or lien, at the date of conveyance, and that while under section 995 of the Consolidation Act and section 1004 of the Charter all sums assessed are made personal obligations of the owners and liens upon the lands, they do not provide when the lien shall take effect, and that that subject is covered by section 1017 of the Charter, and that that section "authorizes partial confirmation for the purpose of limiting appeals and settling rights pro tanto and a full confirmation for the purpose of establishing the lien of the assessment when perfected by entry of record in the offices designated." And the court then held that the assessment did not become a lien until the entry of the assessment, and, such entry being subsequent to the conveyance, there was no breach of the covenant against incumbrances. In that case the assessment was neither confirmed nor entered until after the conveyance, so that the precise question here presented was not necessarily involved; but the reasoning and argument in the opinion show clearly that the court intended to decide the precise question. The following appears in the opinion:

"We are referred by the appellant to De Peyster v. Murphy, 66 N. Y. 662; but that case arose under a different statute, and in view of what we said in Lathers v. Keogh, 109 N. Y. 589 [17 N. E. 131], we regard further comment thereon as unnecessary."

In De Peyster v. Murphy, 66 N. Y. 662 (for a full statement of the facts and opinion, see Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131, and Hastings v. Twenty-Third Ward Land Improvement Co., 46 App. Div. 609, 61 N. Y. Supp. 998), the order of confirmation was before and the entry of the assessment after the date of the deed, so that the precise point was involved, and the court held that the assessment was a charge within the meaning of the covenant against incumbrances, and in both Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131, and Hast-

ings v. Twenty-Third Ward Land Improvement Co., 46 App. Div. 609, 61 N. Y. Supp. 998, such was recognized to be the effect of that decision. The statement in the opinion in Real Estate Corporation v. Harper, 174 N. Y. 123, 66 N. E. 660, above quoted, that the decision of De Peyster v. Murphy, 66 N. Y. 662, was under another statute, is true; but it is difficult to discover any material difference between it and section 1017 of the present Charter, so far as the question here under discussion is involved.

While it is true that the precise point was not necessarily involved in Real Estate Corporation v. Harper, 174 N. Y. 123, 66 N. E. 660, and De Peyster v. Murphy, 66 N. Y. 662, has not been expressly overruled in view of the full discussion of the whole question in the later case, it is difficult to avoid the conclusion that the highest court deliberately intended to lay down the rule which should be the final expression of its opinion and establish that until after entry as specified in section 1017 an assessment is not a breach of the covenant against incumbrances.

There is nothing in Cuba v. Druskin et al., 135 App. Div. 508, 120 N. Y. Supp. 381, necessarily to the contrary. The court pointed out that the expenses of putting in the meter were made a lien by the statute; the recording of it was not necessary. There was there no statute, as here, expressly postponing the creation of the lien to the entry of record in a designated book. The distinction is self-evident.

Judgment affirmed, with costs. All concur.