■ SEYMOUR CAMINS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [55 NYS3d 247]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 22, 2016, which granted plaintiff's application for leave to file a late notice of claim, unanimously affirmed, without costs.

This appeal involves a claim of negligence against defendant for injuries plaintiff allegedly sustained on November 23, 2015, at approximately 2:45 p.m. On that date, plaintiff allegedly tripped and fell on a defect in a concrete sidewalk in front of 3033 Middletown Road, a housing project owned and maintained by defendant.

A court, after considering all the relevant facts and circumstances, has the discretion to extend the time to serve a notice of claim (see General Municipal Law § 50-e [5]). Here, we find that the motion court did not improvidently exercise its discretion in granting the application to file a late notice of claim 22 days after the statutory deadline had passed, as the 22-day period was still well within the one year and 90 days within which to commence an action against defendant under CPLR 217-a. In so finding, we note that plaintiff was in the hospital from his alleged accident on November 23, 2015 until November 30, 2015, and on the latter date was transferred to a nursing home, where he remained until December 23, 2015. Thus, plaintiff was physically incapacitated for 30 days after his alleged accident (see General Municipal Law § 50-e [5]).

Plaintiff sustained his initial burden of showing that the late notice of claim will not substantially prejudice defendant, as the record demonstrates that defendant fixed the allegedly defective condition on its premises the day after plaintiff's fall

(*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 467 [2016]).

By contrast, defendant did not rebut plaintiff's showing of lack of substantial prejudice, and therefore cannot convincingly argue that it was prejudiced by any delay in serving the notice of claim. On the contrary, even had plaintiff timely served his notice, the allegedly defective condition would no longer have existed by the time of service, as that condition had already been repaired by the day after the incident. Defendant therefore cannot now be heard to say that the late notice of claim prejudiced its ability to conduct an investigation of the premises (*see e.g. Matter of Beary v City of Rye*, 44 NY2d 398, 412 [1978]).

Similarly, although defendant notes that its security recordings were erased from the database in the normal course of business, it notably fails to mention how often those recordings were actually erased. If recordings were erased, for example, every 30 days, even timely service could have prejudiced defendant, as the recordings would already have been erased even had a notice of claim been timely served 45 days (or even fewer) after the incident. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kahn, JJ.