| **Martell v City of New York** |
| 2024 NY Slip Op 32838(U) |
| August 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151174/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. RICHARD TSAI**              **PART**            **21**

*Justice*

--------------------------------------------------------------------------------X

IVIS MARTELL,

            Petitioner,

       - v -

CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY and MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

          Respondents.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151174/2024 |
| **MOTION DATE** | 02/15/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION, ORDER, and
JUDGMENT**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-24

were read on this petition for        LEAVE TO AMEND / FILE A LATE NOTICE OF CLAIM      .

Upon the foregoing documents, it is **ADJUDGED** that the petition for leave to amend notices of claim, and to deem the amended notices of claim as timely served upon respondents City of New York (City), New York City Transit Authority (NYCTA) and Manhattan Bronx Surface Transit Authority (MABSTOA), or, in the alternative, for leave to serve late notices of claim on the respondents, is **GRANTED IN PART TO THE EXTENT THAT** leave to serve a late notice of claim upon respondent City of New York is granted without opposition, and the proposed notice of claim annexed as Exhibit A to the petition (NYSCEF Doc. No. 3) is deemed timely served upon the City upon service of a copy of this decision and judgment with notice of entry, if made within 20 days of entry; and the petition is otherwise denied; and it is further

      **ORDERED** that petitioner shall commence an action and purchase a new index number in the event a lawsuit is filed arising from the notice of claim to be served upon the City of New York.

      In this proceeding, petitioner Ivis Martell seeks leave to amend notices of claim previously served upon respondents, and to deem the amended notices of claim as timely served upon respondents. Alternatively, petitioner seeks leave to serve late notices of claim on the respondents. NYCTA and MABSTOA oppose the petition; the City did not oppose the petition.

**151174/2024 MARTELL, IVIS vs. CITY OF NEW YORK ET AL**
Motion No. 001

Page 1 of 8

[* 1]

## I. Leave to amend the notices of claim and to deem the amended notices timely served

Here, petitioner affirms that notices of claim were served on respondent City on September 14, 2023, and respondents NYCTA and MABSTOA on September 20, 2023 (petition in support ¶¶ 9-10 [NYSCEF Doc. No. 1]). These notices of claim stated the date of the alleged incident was July 2, 2023 (petitioner's Exhibit F [NYSCEF Doc. No. 8]). On this motion, petitioner seeks to amend the notices of claim to reflect the date of the alleged incident as June 2, 2023. Petitioner also seeks an order deeming the proposed amended notices of claim as timely served *nunc pro tunc.*

The court cannot grant leave to amend because to do so would render the service of the original notices of claim as untimely (*see Bobko v City of New York*, 100 AD3d 439, 439 [1st Dept 2012]). That is, if the notices of claim were amended to reflect the date of the incident of June 2, 2023, then the original notices of claim would therefore have been served more than 90 days after the incident occurred on June 2, 2023 (i.e., after August 31, 2023). Thus, leave to amend the notices of claim pursuant to General Municipal Law § 50-e (6) and to deem amended notices as timely served is denied.

## II. Leave to serve late notices of claim

For the City, General Municipal Law § 50-e (1) (a) provides that the notice of claim must be served "within ninety days after the claim arises." Where an action against the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law." Public Authorities Law § 1203-a (6) states that Public Authorities Law § 1212 applies to MABSTOA.

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531 [2024] [internal citations omitted]).

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**
Motion No. 001

**Page 2 of 8**

[* 2]

2 of 8

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner has not provided a reasonable excuse for her delay in serving the notices of claim. According to petitioner, she did not serve a timely notice of claim because she had "been diligently healing her broken wrist following surgery over the summer, and thus, was unaware of the ninety-day period in which she needed to retain an attorney and file her claim" (petition in support ¶ 9). In petitioner's affidavit she claims she mistakenly informed her attorneys of the wrong date, and this was not realized until her attorney received her hospital records (petitioner affidavit ¶ 6-7 [NYSCEF Doc. No. 16). Petitioner neither avers when her attorney received these medical records nor explains why petitioner's counsel did not bring this petition until 9 months after the incident.

To be clear, petitioner does not contend that she could not have complied with the statutory requirement to serve a timely notice of claim due to her alleged injuries, and petitioner submits no medical evidence (*see Matter of Bell v City of New York*, 100 AD3d 990, 990 [2d Dept 2012]). "Petitioner's assertion that [she] was unaware of the requirement that [she] file a notice of claim within 90 days of [her] accident is not a reasonable excuse for failing to file a timely notice" (*Matter of Montero v City of New York*, 176 AD3d 614, 615 [1st Dept 2019]; *Gaudio v City of New York*, 235 AD2d 228, 228 [1st Dept 1997]).

In conclusion, petitioner failed to provide a reasonable excuse for not serving a timely notice of claim on NYCTA and MABSTOA.

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 3 of 8

<u>Actual knowledge of the essential facts</u>

Petitioner contends that respondents "likely" had actual knowledge of the essential facts of the claim because: (1) "Petitioner testified at the 50h hearing that after her fall, the operator of the M10 bus exited the vehicle and observed her on the ground for a period of time before he got back on the bus and quickly departed"; (2) "The NYCTA/MABSTOA Respondents very likely have video footage of the entire occurrence from the bus itself; and (3) "upon information and belief, the CITY had prior written notice of the condition of the curb" (petition ¶ 8; *see also* petitioner's exhibit D [NYSCEF Doc. No. 6]). According to petitioner's counsel, the statutory hearing was held on January 30, 2024 (petition ¶ 7).

In opposition, NYCTA and MABSTOA argue that petitioner has not established that they had "acquired timely, actual knowledge of the essential facts of her claim" because: (1) "Petitioner cannot rely on the statutory hearing to establish actual knowledge because she has not submitted the transcript of the hearing" nor did she aver that at the statutory hearing she stated the correct date of the accident; (2) petitioner's claim that they "very likely have video footage" of the incident is "speculative and conclusory, and thus, must be disregarded"; (3) the notice of claims allegedly served on NYCTA and MABSTOA cannot give actual knowledge of her claim because they are a nullity; and (4) NYCTA and MABSTOA "did not acquire actual knowledge of the essential facts of the Petitioner's claim [ ] until they were served with this application, more than nine (9) months after the incident and more than six (6) months after the 90-day deadline" (respondents NYCTA and MASBSTOA's affirmation in opposition ¶¶ 11-15 [NYSCEF Doc. No. 18]).

In reply, petitioner claims: (1) NYCTA and MABSTOA have not exchanged the transcript of the statutory hearing, and that petitioner did testify as to the correct date during the hearing; (2) it is common knowledge that NYC buses have video recording systems, and NYCTA and MABSTOA did not affirm that there is no video footage of the accident, which they could easily have checked; and (3) NYCTA and MABSTOA conducted a statutory hearing that consisted of a "thorough investigation" of petitioner's claim i.e., the suggestion that the respondents NYCTA and MABSTOA "had no actual knowledge until the service of the Order to Show Cause is patently ludicrous". (petitioner's affirmation in reply ¶¶ 4-5; 7 [NYSCEF Doc. No. 24]).

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**                                    **Page 4 of 8**
**Motion No.  001**

4 of 8

[* 4]

legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

To the extent that petitioner is arguing that actual knowledge was imputed to NYCTA and MABSTOA because the bus operator allegedly exited the bus and observed petitioner on the ground, that is not the law. The Court of Appeals recently rejected this argument, reasoning

"Allowing imputation in every case would undermine the purpose of the notice of claim requirement because not every employee's knowledge will necessarily afford the municipality an opportunity to commence a prompt investigation. Generally, knowledge of essential facts as to time and place by an actor *in a position to investigate* will suffice" (*Matter of Jaime*, 41 NY3d at 540 [emphasis added]).

Because the bus operator is not in a position to investigate, the bus operator's alleged knowledge of the incident is not sufficient.

Petitioner's argument that respondents are likely to have video footage of the incident is based on speculation,[1] and therefore unavailing. "[T]he party seeking leave has the burden of establishing through the submission of nonspeculative evidence" that respondents have actual knowledge of the essential facts constituting the claims (*Matter of Jaime*, 41 NY3d at 540). Similarly, that the City allegedly has a list of "defective and dangerous conditions" in its possession, which includes the subject curb, does not and could not constitute knowledge of the claim to NYCTA and MABSTOA, which are entities separate from the City.

On this motion, there is neither an averment from petitioner about when she told defendants NYCTA and MABSTOA the correct date of the accident, nor a transcript of the statutory hearing. Petitioner relies only on an affirmation from petitioner's counsel in reply that she stated the correct date of the accident during the statutory hearing. To the extent that petitioner is arguing that respondents NYCTA and MABSTOA have actual knowledge because petitioner stated the correct date of the accident at the statutory hearing, the court must reject this argument, as it "was improperly raised for the first time in defendant's reply brief" (*Givoldi, Inc. v United Parcel Serv.*, 286 AD2d 220, 220 [1st Dept 2001]).

In any event, even assuming, for the sake of argument, that petitioner testified at the statutory hearing on January 30, 2024 that the date of the incident was June 2, 2023, NYCTA and MABSTOA would have acquired actual knowledge of the correct date 242 days after the incident (i.e., 7 months, 28 days), which is well beyond 90 days after the incident and not a reasonable time thereafter (*see Johnson v New York City Tr.*

---

[1] Video footage from cameras located on the bus would capture the interior of the bus, as well as the bus operator's view in front of the bus. However, petitioner claims the bus operator failed to provide her with a safe and adequate place to alight outside the bus, which resulted in her falling due to a defective curb.

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**                                    **Page 5 of 8**
**Motion No.  001**

*Auth.*, 181 AD2d 619, 619 [1st Dept 1992] [first mention of defective handrail was made three months after the untimely notice of claim was received and six months after the alleged incident]).

In conclusion, petitioner did not meet her burden of demonstrating that NYCTA and MABASTOA acquired actual knowledge of the essential facts of the claim within 90 days of the accident or a reasonable time thereafter.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argues there is no prejudice because: (1) respondents were served with notices of claim in September 2023, twenty days after the statutory deadline; (2) the bus operator was aware the petitioner had fallen; (3) NYCTA and MABASTOA are likely to have video footage of the occurrence; (4) the curb "is in the same condition today as it was on the day the incident happened"' and (5) respondents "have all had ample opportunity to investigate the circumstances of the occurrence without any prejudice" (petition ¶ 10).

In opposition, respondents NYCTA and MABASTOA argue petitioner: (1) "has failed to present some evidence or plausible argument that supports a finding of no substantial prejudice"; (2) that the September 2023 notices of claim were untimely; and (3) petitioner's claim that the curb is in the same condition today as it was at the time of the accident is "wholly speculative and must be disregarded" and is not supported by evidence submitted by petitioner (affirmation in opposition ¶¶ 17-19).

"[B]oth the length of delay in service and lack of actual knowledge of the facts underlying the claim certainly can affect whether the late notice

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**                     **Page 6 of 8**
**Motion No.  001**

substantially prejudices the public corporation in defending the claim. Nonetheless, whether the public corporation is substantially prejudiced remains a separate inquiry under the statute. Indeed, there may be scenarios where, despite a finding that the public corporation lacked actual knowledge during the statutory period or a reasonable time thereafter, the public corporation nonetheless is not substantially prejudiced by the late notice" (*Matter of Newcomb*, 28 NY3d at 467 [internal citation omitted]).

As discussed above, petitioner did not establish that respondents had acquired actual knowledge of the essential facts constituting petitioner's claim within 90 days of the alleged accident, or a reasonable time thereafter. The notices of claim that were served in September 2023 were not adequate to convey notice because they had contained an incorrect date of the incident, which occurred a month earlier than what was disclosed.

In the court's view, petitioner did not meet her initial burden of demonstrating that the late notice would not result in substantial prejudice. Although this court agrees with petitioner that the curb is substantially in the same condition now as it was on the true date of the incident, petitioner's theory of liability against NYCTA and MABSTOA is not solely based upon an unchanged premises condition, but rather the duty to provide a safe place to alight. Whether NYCTA and MABSTOA breached this duty would depend on where the bus had positioned itself for passengers to disembark, which is a transitory condition. Petitioner's arguments that NYCTA and MABSTOA are not prejudiced are based on speculation and unsupported, conclusory assertions.

Thus, as to respondents NYCTA and MABSTOA, plaintiff did not meet her initial burden in establishing they would not be substantially prejudiced if leave to serve late notice of claim were granted.

Even assuming, for the sake of argument, that petitioner demonstrated lack of substantial prejudice, the petition would nevertheless be denied because, as discussed above, petitioner did not demonstrate that NYCTA and MABSTOA had timely acquired actual knowledge of the essential facts constituting petitioner's claims, which greatly weighs against granting leave to serve a late notice of claim (*Matter of Jaime*, 41 NY3d 531 [2024]), especially where petitioner had no reasonable excuse.

Although not raised by the parties, the court notes that, in *Matter of Richardson v New York City Housing Authority* (136 AD3d 484, 484 [1st Dept 2016]), the Appellate Division, First Department reversed the court below and granted leave to serve a late notice of claim solely because the respondent was not substantially prejudiced, even though the respondent did not have timely, actual knowledge of the essential facts of the claim and the petitioner lacked a reasonable excuse.

However, in light of *Matter of Jaime v City of New York*, which reiterates that courts must place "great weight" on whether respondents had timey acquired actual

**151174/2024 MARTELL, IVIS vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 7 of 8

knowledge of the essential facts, the continued validity of *Richardson* is questionable, as the lack of substantial prejudice in *Richardson* was accorded more weight than the respondents' lack of actual knowledge of the essential facts of the petitioner's claim.

Petitioner's reliance upon *Schnier v New York State Thruway Authority* (205 AD3d 958, 960 [2d Dept 2022]) is misplaced. There, the Appellate Division, Second Department noted that "although the claimants may have failed to provide a convincing excuse for failing to timely file their claims, the delay here was minimal," and "the defendants were provided with an adequate opportunity to investigate the circumstances underlying the claims in light of, among other things, the information contained in an accident report and a medical release, which were both prepared by the defendants' general contractor on the date of the accident" (*id.* at 960). Unlike *Schnier*, petitioner did not establish the existence of any reports of the incident prepared by NYCTA or MABSTOA.

The court reminds petitioner to serve the notice of claim promptly as directed in this decision, order and judgment, as the statute of limitations is only tolled "from the time the [petitioner] commenced the proceeding to obtain leave of the court to file a late notice of claim until . . . the date upon which [the order] was to take effect" (*Barchet v New York City Tr. Auth.*, 20 NY2d 1, 6 [1967]). "[A]n order becomes operative from the time of its filing" (*Wilcox v National Shoe & Leather Bank*, 67 App Div 466, 469 [1st Dept 1902]).

20240813154513RTSAIA6A06229859D4516A9F0674F00E229A8

_____
**8/13/2024**
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151174/2024   MARTELL, IVIS vs. CITY OF NEW YORK ET AL**
Motion No.  001

Page 8 of 8